The STATE of Ohio, Appellee,

v.

WARF, Appellant.

[Cite as *State v. Warf* (1991), 72 Ohio App.3d 604.]

Court of Appeals of Ohio,
Seneca County.

No. 13–89–47.

Decided Feb. 22, 1991.

*James R. Gucker*, City Prosecutor, for appellee.

*Rebecca Herner*, County Public Defender, for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment entered in the Tiffin Municipal Court, in which the defendant-appellant, Charles B. Warf, was convicted of disorderly conduct in violation of R.C. 2917.11(A)(5).

On July 22, 1989, the defendant was arrested on a charge of indecent exposure pursuant to R.C. 2907.09(A)(1). On August 23, 1989, the defendant waived his right to a speedy trial. The state dismissed the charge of indecent exposure on November 8, 1989 and on that same date, the defendant was charged with disorderly conduct pursuant to R.C. 2917.11(A)(5) based on the July 22, 1989 incident.

On November 16, 1989, a trial was held on the disorderly conduct charge. At trial, the court overruled the defendant's motion to dismiss for lack of speedy trial and ultimately found the defendant guilty of disorderly conduct and fined him $100 and court costs.

It is from this decision that the defendant now appeals and assigns two errors. The defendant's first assignment of error is as follows:

"I. The trial court erred by overruling defendant-appellant's motion to dismiss on speedy trial grounds."

R.C. 2945.71 governs the time within which a trial must be held. The offense of disorderly conduct is a minor misdemeanor and covered in subsection (A), and the offense of indecent exposure, a fourth degree misdemeanor, is covered in subsection (B)(1) of this statute:

"(A) A person against whom a charge * * * of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree * * *."

R.C. 2907.09 governs public indecency and provides in pertinent part:

"(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

"(1) Expose his or her private parts, or engage in masturbation."

R.C. 2917.11 covers disorderly conduct and provides as follows:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

" * * *

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

In its decision overruling the defendant's motion for dismissal on speedy trial grounds, the trial court stated that:

"Since it would have been lawful and not a violation of the defendant's speedy trial right to try today the indecent exposure case, I do not think that we are violating his speedy trial right to try a lesser included offense of disorderly conduct on the same day. And for that reason, I believe that this is distinguishable from the *Adams* case, and for that reason, I am going to overrule the motion to dismiss, and we'll proceed with the trial at this time."

■ The issue here is whether the defendant waived his right to speedy trial on the subsequent charge of disorderly conduct when he waived this right on the initial charge of indecent exposure. In *State v. Adams* (1989), 43 Ohio St.3d 67, 70, 538 N.E.2d 1025, 1028, the Ohio Supreme Court faced an analogous issue and held as follows:

" * * * Thus, a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes knowing the exact nature of the crime he is charged with.

" * * *

" * * * Nevertheless, we hold that when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver."

In the case before us, the bills of particulars for both charges described the same set of circumstances occurring on July 22, 1989. However, while the defendant waived his right to a speedy trial on the charge of indecent exposure, based on the analysis in *Adams*, he did not make a "knowing and intelligent" waiver on the subsequent charge of disorderly conduct.

■ Furthermore, we find that the charge of disorderly conduct lodged here is not a lesser included offense of indecent exposure for purposes of availing the state of the defendant's prior waiver. In *State v. Edwards* (Dec. 28, 1990), Union App. No. 14–89–20, unreported, 1990 WL 252220, this court discussed the two-tiered test used to determine whether a defendant is charged with allied offenses of similar import. The first tier considers the elements of each crime and if the commission of one crime necessarily results in the commission of the other, then the crimes are allied offenses of similar import. See *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520,

521–522. If the first tier is not met, then the second tier need not be considered.

Here, we find that the first tier in *Edwards* is not met because the offense of indecent exposure can be committed without committing the offense of disorderly conduct charged here and, therefore, the second tier of *Edwards* need not be considered.

But for the defendant's waiver of speedy trial of the original charge of indecent exposure, the time for the subsequent charge of disorderly conduct has expired. Based on the foregoing, we hold that the defendant's motion to dismiss for want of speedy trial should have been granted and, therefore, the defendant's first assignment of error is well taken.

The defendant's second assignment of error is that:

"II. The trial court's judgment was against the manifest weight of the evidence."

■ At trial, the state presented three witnesses who testified about the events which occurred on July 22, 1989. Pursuant to R.C. 2917.11(A)(5), the state had the burden to prove that the defendant's act created a condition which was "physically offensive" to others.

When questioned as to whether he was offended by the defendant's conduct, the state's first witness, Frank Eddington, testified as follows:

"Q: Okay. Did you find the defendant's conduct somewhat offensive?

"A: Yeah, because normally that bar is * * * It's a pretty, you know, quiet atmosphere * * *."

The state's second witness, Michael Bonham, testified regarding the incident as follows:

"Q: Was it—did you find this physically offensive?

"A: With the ladies in the bar, yes. The men, it's no big deal to most men, but the women sitting there, that was definitely uncalled for.

"Q: Did you feel annoyed by this?

"A: Yeah, I was willing—once he did that with the lady customers there, I shook my head and said, 'That's it.' I said, 'I can't let this go.' That's when I called for the officer for the first time.

"Q: Did this—did you feel annoyed personally?

"A: Um, not personally. It was showing disrespect to the bar and patrons of the bar, and that annoyed me.

"Q: Okay. So basically his act annoyed you somewhat?

"A: Yeah."

In *State v. Price* (1989), 52 Ohio App.3d 49, 51, 556 N.E.2d 1200, 1202, the court stated that:

"The weight to be given the evidence and the credibility of witnesses are primarily for the trier of facts."

Where the record includes substantial evidence upon which a reasonable mind could conclude that all the elements of the offense were proven beyond a reasonable doubt, the decision of the trial court may not be reversed as being against the manifest weight of the evidence. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

Here, the trial court, in its discretion as the trier of fact, chose to believe the testimony presented by two of the state's witnesses regarding the charge of disorderly conduct. We find that this was not against the manifest of the evidence and, therefore, the defendant's second assignment is overruled.

However, based on the defendant's first assignment of error and related analysis, we reverse the judgment of the Tiffin Municipal Court and the defendant is hereby discharged.

*Judgment reversed.*

HADLEY and EVANS, JJ., concur.