### In re GOOD.

[Cite as *In re Good* (1997), 118 Ohio App.3d 371.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA96–02–026, CA96–03–036.

Decided Feb. 24, 1997.

**374**

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Elizabeth Yauch*, Assistant Prosecuting Attorney, for appellee.

*Mary Lou Kusel*, for appellant.

POWELL, Judge.

On January 30, 1996, the Butler County Court of Common Pleas, Juvenile Division, held that defendant-appellant, Milton Good, Jr., was a delinquent child. Appellant was found to have violated R.C. 2911.01 (aggravated robbery) and R.C. 2929.71 (possession of a firearm while committing a felony). The court committed appellant to the Department of Youth Services for a minimum term of twelve months for the aggravated robbery charge and for a three-year term for the firearm possession charge, to be served prior to and consecutively to the aggravated robbery commitment. Appellant's maximum term is not to extend beyond his twenty-first birthday. Appellant appeals the court's delinquency finding. We affirm.

On January 12, 1996, Chris Williams got into his truck and attempted to leave his grandfather's house. Appellant, who Williams knew, approached Williams while he was starting the truck. Appellant brandished a "shiny hand pistol" and demanded that Williams turn over all of his money. Williams could not immediately drive away because his truck was in snow piled on the side of the street. Appellant then took money and jewelry from Williams. After appellant left, Williams immediately called the police and gave a description of the clothes appellant was wearing at the time of the robbery. The police arrested appellant approximately forty to fifty minutes after the robbery. Appellant's clothing at the time of the arrest matched the description Williams had given to the police. Appellant assigns four errors in this appeal.

Assignment of Error No. 1:

"The trial court erred by denying him due process and equal protection of the law as guaranteed to him by the Sixth and Fourteenth Amendments of the United States Constitution."

The complaint on file ("original complaint") does not contain a firearm specification. Appellant argues that since the original complaint does not contain a firearm specification, it was improper for the court to find that appellant

violated R.C. 2929.71. There is a handwritten firearm specification in the court file following the original complaint, but it is not attached to the original complaint and has not been file-stamped by the court. Appellee contends that normally "the court" files an initial complaint (in this case the original complaint and the handwritten firearm specification) and then later files a typed formal complaint based upon the initial complaint. Appellee surmises that there was a typed formal complaint ("typed complaint") that contained the firearm specification, but it is now missing. Appellee supposes that the reason for the loss of the formal complaint was a clerical error.

In a criminal case, a court has no authority to impose the three-year sentence for offenses involving a firearm as provided in R.C. 2929.71 if the indictment does not include a firearm specification. *State v. Loines* (1985), 20 Ohio App.3d 69, 71–72, 20 OBR 88, 90–91, 484 N.E.2d 727, 730–731. However, this is a juvenile case, not a criminal case. A complaint in juvenile court alleging delinquency does not need to be read as strictly as a criminal indictment. *In re Burgess* (1984), 13 Ohio App.3d 374, 375, 13 OBR 456, 457–458, 469 N.E.2d 967, 969–970. Juvenile court is neither criminal nor penal in nature, but is an administrative police regulation of a corrective nature. *In re Haas* (1975), 45 Ohio App.2d 187, 188, 74 O.O.2d 231, 232, 341 N.E.2d 638, 639, quoting *In re L----* (J.C.1963), 25 O.O.2d 369, 370, 194 N.E.2d 797, 798. The purpose of the proceeding is to determine whether a child is delinquent. A child is delinquent if the child "violates any law of this state, the United States, or any ordinance or regulation of a political subdivision of the state which would be a crime if committed by an adult." R.C. 2151.02(A).

Being found a juvenile delinquent is different from being found guilty of a crime in Ohio. *In re Agler* (1969), 19 Ohio St.2d 70, 80, 48 O.O.2d 85, 91, 249 N.E.2d 808, 814. A juvenile delinquency proceeding has different rules than a criminal trial. For example, a juvenile court hears and determines all cases without a jury, *State v. Ostrowski* (1972), 30 Ohio St.2d 34, 44, 59 O.O.2d 62, 68, 282 N.E.2d 359, 365, certiorari denied (1972), 409 U.S. 890, 93 S.Ct. 130, 34 L.Ed.2d 147, a juvenile court can conduct its hearings in an informal manner, R.C. 2151.35(A), and the general public may be excluded from a juvenile court hearing. *In re T.R.* (1990), 52 Ohio St.3d 6, 15, 556 N.E.2d 439, 449, certiorari denied in *Dispatch Printing Co. v. Solove* (1990), 498 U.S. 958, 111 S.Ct. 386, 112 L.Ed.2d 396. See, also, R.C. 2151.35.

In the present case, the court did not commit error by finding that appellant violated R.C. 2929.71. Although the typed complaint is missing, the court record contains the original complaint, which states that appellant had committed "aggravated armed robbery." The record also indicates that appellant was informed of the charges against him by the court, including the firearm specifica-

tion, at a hearing held on January 19, 1996, eleven days prior to the proceeding on January 30, 1996 at which he was adjudicated delinquent. Appellant therefore knew the charges against him prior to being adjudicated delinquent.

Further, even if the strict requirements of R.C. 2941.141 are applied, and the original complaint did not have the firearm specification, appellant's counsel did not object. Failure to object to a defect in the complaint in a juvenile proceeding constitutes a waiver. *In re Dukes* (1991), 81 Ohio App.3d 145, 150, 610 N.E.2d 513, 516–517. We find that the strict requirements of *State v. Loines* (1984), 20 Ohio App.3d 69, 484 N.E.2d 727, which held that sentencing a defendant without a firearm specification is plain error, do not apply in this case because it is a juvenile case. See *In re Burgess* (1984), 13 Ohio App.3d 374, 375, 13 OBR 456, 457–458, 469 N.E.2d 967, 969–970. For the foregoing reasons, the trial court's determination that appellant violated R.C. 2929.71 will be upheld.

Appellant also alleges that his due process rights were violated. Due process requires that before being found delinquent, a juvenile must be given a written notice of the alleged misconduct. *In re Gault* (1967), 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549. See, also, Juv.R. 10(B)(1). We cannot say conclusively that a typed complaint that included a firearm specification was ever prepared in this case. However, the existing record would lead a reasonable person to believe that appellant had prior notice of his alleged misconduct.

The original complaint (written on the day of appellant's arrest) states that appellant is accused of "aggravated armed robbery." At the January 19, 1996 hearing, the court stated the nature of the charges against appellant and their numerical designations. At the delinquency hearing on January 30, 1996, the court again informed appellant of the possible consequences "just so it is clear for [appellant] and his mother." There is no evidence that indicates that appellant did not receive sufficient notice of the charges against him or of the penalties. Based upon the record that exists, appellant was not denied due process. Appellant's first assignment of error is accordingly overruled.

Assignment of Error No. 2:

"The trial court erred by finding that the offense of aggravated burglary was committed with a firearm."

Appellant contends that the state did not prove that appellant had an operable firearm in his possession. Appellant states that the trial court could not find this fact because the weapon was never recovered, and there was no proof that the weapon was operable.

R.C. 2929.71 provides that a person who commits a felony and has "a firearm on or about his person or under his control while committing the felony" may have an additional three years added to the term of incarceration. "Firearm" is

defined as a "deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1). The Ohio Supreme Court found in *State v. Vondenberg* (1980), 61 Ohio St.2d 285, 15 O.O.3d 349, 401 N.E.2d 437, that when a handgun is not available for testing, it is not necessary to prove that the handgun could actually fire a projectile for an aggravated robbery conviction. The court reasoned that to hold otherwise would reward robbers "who have the fortune to escape the scene of the crime, and the foresight to destroy or conceal the weapon before they are apprehended." *Id.* at 288, 15 O.O.3d at 350–351, 401 N.E.2d at 439.

 This court has previously followed the reasoning of *Vondenberg* in *State v. Roettgers* (Apr. 18, 1988), Clermont App. No. CA87–10–081, unreported, 1988 WL 38050. In a similar case, the Hamilton County Court of Appeals upheld a conviction for aggravated robbery where the victim testified that the defendant demanded money at gunpoint and the handgun was not recovered. *State v. Price* (1989), 52 Ohio App.3d 49, 51, 556 N.E.2d 1200, 1202–1203. It is even possible for a defendant to be convicted of aggravated robbery when the handgun used in the robbery was unloaded. *State v. Meek* (1978), 53 Ohio St.2d 35, 37, 7 O.O.3d 121, 122, 372 N.E.2d 341, 343.

In the present case, the victim testified that he was robbed at gunpoint with a "shiny hand pistol." The victim also testified that he believed that the handgun was capable of being fired. Although the handgun was not recovered, the testimony of the victim is sufficient to prove that appellant possessed a firearm while committing a felony as required by R.C. 2929.71. Appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred by finding him delinquent by reason of having committed the offense of aggravated burglary."

 Appellant contends that the identification of him as the robber is not supported by the weight of the evidence. The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact. *State v. Hunt* (Nov. 25, 1996), Butler App. No. CA96–03–044, unreported, 1996 WL 679688, following *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. The trier of the fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case. The role of an appellate court is to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The trial court's decision is not subject to reversal on appeal unless the appellate court finds that "reasonable minds could not reach the conclusion reached by the trier of facts." *Id.*

In the present case, appellant was identified as the robber by the victim. The victim knew appellant because the appellant lived in the same neighborhood. From inside the house, the victim's wife saw appellant by the side of the truck. Both the victim and his wife described what the robber was wearing. When appellant was arrested, his clothing matched the description given by the victim and his wife. Appellant also admitted to being in the area of the robbery at the time of the robbery. Given these facts, a reasonable person could conclude that the identification of the appellant as the robber was a proper conclusion. Appellant's third assignment of error is accordingly overruled.

Assignment of Error No. 4:

"The trial court erred by permitting testimony regarding the gun found at Bethlehem Temple."

On the day after the robbery, a handgun was found approximately one block from the robbery location. This evidence was presented during the trial. Appellant contends that it was improper for the handgun testimony to have been presented. Appellant reasons that since the prosecution did not link the handgun with the crime, the testimony should have been excluded.

The prosecution never argued that the handgun that was found was the same handgun used in the robbery, and the prosecutor did not move to have the handgun admitted into evidence. Appellant did not object to the handgun testimony at trial and has not shown how the evidence affected the outcome of the trial. If counsel does not object to testimony, it can be excluded only if it constitutes plain error. *State v. Broom* (1988), 40 Ohio St.3d 277, 288–289, 533 N.E.2d 682, 695–696, certiorari denied (1989), 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, certiorari denied (1990), 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185.

The evidence relied upon by the trial judge in his finding of delinquency was the victim's testimony. The victim testified that appellant used a small shiny pistol. While inclusion of the testimony pertaining to the found handgun has a tendency to prove that appellant committed the crime, exclusion of the evidence does not change the outcome of the trial. Appellant's fourth assignment of error is overruled.

Each of appellant's assignments of error is without merit.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

WALSH, P.J., concurs in part and dissents in part.

WALSH, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority's rulings on the second and third assignments of error although the assignments of error should refer to robbery and not burglary. However, on the first and fourth assignments of error, I must respectfully dissent.

First, I believe the majority was wrong in affirming appellant's three-year sentence, under R.C. 2929.71, for possessing a firearm when the record does not show that a firearm specification was a part of the complaint. In a criminal proceeding, the prosecution must include a firearm specification in the charging instrument. While we have found previously that the complaint in a delinquency proceeding need not be read as strictly as a criminal indictment, I do not interpret this to mean that a juvenile need not be formally informed of the charges against him. Even under *Burgess,* the case cited by the majority to support its position, we required that the "facts essential to the complaint" be stated therein. *Id.,* 13 Ohio App.3d at 375, 13 OBR at 458, 469 N.E.2d at 969. Three years is not an inconsequential amount of time to extend a sentence. There should be no question that a "formal and sufficient accusation" has been made before such an extension may be imposed. The handwritten paper contained in the file, but unstamped as being filed, does not comport even with the language requirements under the specification statutes.

Second, with regard to the fourth assignment of error, I can only wonder what salutary reason the prosecutor had for eliciting testimony concerning the "found" handgun. The prejudicial nature of the testimony far outweighs its probative value, particularly since there was no attempt made to link the handgun to appellant or his actions.

A trial court is vested with broad discretion in the admission of evidence. See *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130. In the absence of an objection, it may strike evidence on its own motion. *Oakbrook Realty Corp. v. Blout* (1988), 48 Ohio App.3d 69, 70, 548 N.E.2d 305, 307. In light of the tenuous connection between the handgun and appellant, the trial court erred by failing to exclude this damaging testimony *sua sponte.*