Ebenezer M. Waddell, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas, Criminal Division, filed on May 15, 1998. The trial court denied appellant's petition for postconviction relief following an evidentiary hearing. We affirm.
Appellant was accused of fatally shooting Frank A. Tention on August 14, 1993. During appellant's trial, no evidence was presented that the victim possessed a weapon at the time he was shot or that appellant acted in self-defense. On January 20, 1995, appellant was convicted by a jury of murder with a firearm specification, a violation of R.C. 2903.02 and 2941.141. Appellant was also convicted by the court of having a weapon while under disability, a violation of R.C. 2923.13. We reversed appellant's convictions and remanded the case for further proceedings in State v. Waddell (Sept. 29, 1994), Franklin App. No. 94APA03-328, unreported (1994 Opinions 4760). The Ohio Supreme Court reversed our decision and reinstated appellant's convictions in State v. Waddell (1996), 75 Ohio St.3d 163.
Appellant filed a motion for postconviction relief pursuant to R.C. 2953.21 on September 20, 1996. Appellant claimed in his motion that he was denied his right to effective assistance of counsel. Appellant argued that his trial counsel failed to "investigate, procure and present evidence/testimony that he knew about prior to trial." Appellant attached to his petition an affidavit from Raney Mease. Mease stated in the affidavit that he witnessed the shooting but claimed that he saw the victim holding a pistol behind his back. Mease also stated that appellant shot the victim after the victim "brung [sic] his hand from behind him." He further stated that he told appellant's mother "to notify whomever [appellant's] lawyer was, and if I was needed to testify, to have him or her contact me." Mease did not testify during appellant's trial.
On October 3, 1996, the trial court denied appellant's postconviction relief motion without holding an evidentiary hearing finding that the issues raised by appellant were barred by res judicata. We reversed the trial court's denial of appellant's petition and remanded the case to the trial court for an evidentiary hearing. State v. Waddell (May 1, 1997), Franklin App. No. 96APA11-1480, unreported (1997 Opinions 1589).
On July 10, 1997, Mease, appellant and appellant's trial counsel testified at an evidentiary hearing held before the trial court. Mease testified that he saw the victim holding a gun behind his back and that he was shot after attempting to raise the gun. Mease stated that he did not know what happened to the victim's gun. Mease also claimed that he told his version of the events to appellant's mother and girlfriend. Mease testified that he became involved in appellant's postconviction petition after meeting him in the prison. Prior to the evidentiary hearing, Mease had been convicted of receiving stolen property, obstruction of justice, attempted theft, involuntary manslaughter and aggravated burglary. Mease was also serving a prison term at the time he met appellant.
Appellant testified at the hearing that prior to his criminal trial, his girlfriend told him that Mease had seen the victim holding a gun prior to the shooting. Appellant claimed that two weeks before his criminal trial, he relayed this information to his trial counsel. Appellant's trial counsel testified at the evidentiary hearing that based upon his memory and his notes concerning appellant's case, he never received Mease's name as a potential witness. Appellant's counsel also testified that if he had received information concerning a witness like Mease, he "would have immediately turned it over to [his] investigator."
On August 7, 1997, the trial court denied appellant's petition finding that:
 "* * * [Appellant's trial counsel's] performance was not deficient. Moreover, even if Mease had been called to testify, given the balance of the evidence presented at trial regarding the absence of any weapon other than [appellant's] and Mease's lack of credibility, there is no reasonable probability that Mease's testimony would have resulted in defendant's acquittal."
Appellant appeals this decision and presents one assignment of error.
 "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF."
Appellant argues that appellant's trial counsel's failure to contact Mease and call him as a witness deprived appellant of his right to a fair trial. Appellant contends that the combination of Mease's testimony with a jury instruction for self-defense could have resulted in appellant being acquitted or at least convicted on the lesser offense of voluntary manslaughter. We disagree.
In order to obtain postconviction relief, appellant must claim that "there was such a denial or infringement of [his] [right] as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). Appellant's claimed constitutional violation was that he was denied "his constitutionally protected right to effective assistance of counsel."
On a claim of ineffective assistance of counsel, "we examine counsel's performance under the standard set forth inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674." State v. Reynolds (1998), 80 Ohio St.3d 670,674, certiorari denied (1998), ___ U.S. ___, 118 S.Ct. 2328. Reversal of a conviction or sentence based upon ineffective assistance requires (1) deficient performance: errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment to the Constitution; and (2) prejudice: errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064;State v. Ballew (1996), 76 Ohio St.3d 244, 255, certiorari denied (1997), ___ U.S. ___, 117 S.Ct. 704. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Strickland, 466 U.S. at 689, 104 S.Ct at 2065.
"Questions involving the effectiveness of counsel should be viewed in light of the compelling evidence against the defendant." State v. Heer (Sept. 24, 1998), Franklin App. No. 97APA12-1670, unreported (1998 Opinions 4464), following Statev. Hill (1996), 75 Ohio St.3d 195, 211-212, certiorari denied (1996), ___ U.S. ___, 117 S.Ct. 241. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v.Loza (1994), 71 Ohio St.3d 61, 83. Appellant is required to show prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694,104 S.Ct. at 2068.
In the present case, the trial court found that appellant's trial counsel was not deficient. The trial court further found that even if Mease had testified during appellant's trial, there was no reasonable probability that appellant would have been acquitted because of: (1) the balance of the evidence presented at trial concerning the victim possessing a weapon, and (2) Mease's lack of credibility. A review of the record supports these conclusions.
Annette Bridges testified at appellant's criminal trial that she witnessed the shooting from her second floor apartment. She testified that she saw appellant put a gun up to the victim's head, shoot the victim, and then casually walk away. She also stated that the victim "didn't have anything in his hand" and that she "didn't see the victim in any way confront [appellant], make a motion or anything."
Cheryl Barnett testified that she saw appellant walk up to within two to three feet of the victim, pull a gun from behind his back, shoot the victim in the head, and then "[j]ust walked away." She stated that the victim did not do anything prior to the shooting except argue with appellant. She also testified that she did not see the victim have a weapon.
Dwayne Rash, a friend of the victim, testified that while the victim was arguing with appellant, he got into Rash's car. Rash stated that shortly after he got into the car, the victim told him to stop the car and let him out. Rash further testified that after the victim got out of Rash's car, he continued to argue with appellant when he saw appellant pull "a weapon out of his pants and when he got up to him he shot him." Rash also stated that the victim did not have any kind of weapon.
The testimonies of Barnett, Bridges, and Rash that the victim did not possess a weapon were supported by the testimonies of two members of the Columbus Police Department who investigated the shooting. John Corbin testified during appellant's criminal trial that he was the first officer to arrive at the crime scene. Corbin stated that he arrived approximately thirty seconds after receiving the police dispatch. He testified that he found the victim bleeding profusely from the head and that he did not find any weapons of any kind around the crime scene.
Ronald Waugh was a member of the Columbus Police Department crime scene search unit in 1993. He testified at appellant's criminal trial that he examined the body of the victim. Waugh also testified that he performed a "trace metal detection test" on the hands of the victim. Waugh described the procedure as follows:
 "The hands of the person are sprayed with a solution which when the solution comes — any time you handle anything metal, there is [sic] particles that come off onto your hand. When the solution is sprayed onto your hands it fluoresces these metal particles and then we use a short wave ultraviolet light which — which fluoresces — it fluoresces the metal particles on your hand."
Waugh also explained that he tested the hands of the victim and determined that at the time of his death, the victim had not recently touched anything metal.
When balancing the evidence presented at appellant's criminal trial against the credibility of Mease, we find that the trial court did not err in concluding that there was no reasonable probability that appellant would have been acquitted. It was within the province of the trial court during the evidentiary hearing as a trier of the fact to determine whether Mease was a credible witness. State v.Williams (Dec. 24, 1998), Trumbull App. No. 97-T-0148, unreported. The credibility of the witnesses are primarily issues to be decided by the trier of the fact because the trier of the fact "has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case." In re Good (1997), 118 Ohio App.3d 371,377. A review of the record fails to disclose any evidence that would cause us to question the trial court's determination that Mease was not a credible witness.
Additionally, a review of the record shows that appellant has failed to explain what happened to the weapon the victim supposedly possessed. Therefore, we also find that appellant has failed to demonstrate that there was a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.
Accordingly, we find that appellant has failed to show that he is entitled to postconviction relief based upon his allegation that he was denied effective assistance of counsel. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.