OPINION
Appellant, Jennifer Lovill, appeals the judgment of the Butler County Court of Common Pleas, Juvenile Division, finding her to be a delinquent child.
Between August 20 and 25, 1999, Brittany Duff stole three books of checks from a box of checks her mother, Melody Pelfry, kept in a dresser drawer. When Brittany stole the first book of checks, Marybeth McFarland and Jennifer were both present. The three then went to Middletown Towne Mall where Brittany purchased items from various stores using the stolen checks. Jennifer was not with Brittany for all of these purchases, being in another part of the mall at that time. Brittany later used more of the stolen checks to purchase items at Dayton Mall and a Target department store. Jennifer was not with her for these subsequent purchases.
Brittany gave Jennifer some of the items she purchased with the stolen checks, although there is some dispute as to exactly what items Jennifer received. In either case, Jennifer kept some of the items for at least one day at Brittany's request. When Brittany came to pick up the items, Jennifer could not find all of them. When she subsequently found the missing items, she threw them away, not wanting to get into trouble.
On September 9, 1999, Melody was informed by her bank that it was dishonoring checks because her checking account was overdrawn. It was then that Melody discovered that Brittany had forged about $3,000 in checks. A complaint was filed in the juvenile court charging Jennifer as a delinquent child for receiving stolen property. Jennifer pled not true to the complaint, and a contested hearing was scheduled.
A contested hearing on the complaint was held before a magistrate after which the magistrate recommended that Jennifer be found a delinquent child. The juvenile court subsequently adopted this recommendation. Jennifer was placed on probation, and ordered to pay restitution "to be ~ of any restitution not ordered by the Warren County Court in the adult co-defendant's [Marybeth's] case." Jennifer was ordered to have no contact with Marybeth, Brittany, or Melody. Jennifer appeals.
Assignment of Error No. 1:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING HER DELINQUENT OF OFFENSES NOT ALLEGED IN THE COMPLAINT.
 Jennifer contends that she was improperly found to be a delinquent child because the state sought to prove offenses not included in the complaint. She asserts that the state complained of alleged acts occurring only on September 9, 1999, but the finding of delinquency was based upon acts occurring between August 20 and 25, 1999.
The form of juvenile complaints is governed by Juv.R. 10(B):
 The complaint, which may be upon information and belief, shall satisfy all of the following requirements:
 (1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated;
 (2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;
(3) Be made under oath.
 A complaint of juvenile delinquency is not read as strictly as a criminal indictment. In re Good
(1997), 118 Ohio App.3d 371, 375, appeal dismissed, 79 Ohio St.3d 1418. Even a criminal indictment is not invalid for omitting the time of the offense or for stating the time imperfectly or incorrectly. State v. Madden (1984), 15 Ohio App.3d 130, 131. So long as the facts alleged and proved constitute a criminal violation, the juvenile court may find the accused to be a delinquent child. In re Burgess (1984), 13 Ohio App.3d 374, 375. In fact, where the complaint alleges certain specific criminal violations, the juvenile court may nonetheless find that the facts proved an additional offense. Id. Any failure to object to alleged defects in the complaint constitutes a waiver of such defects. Good, 118 Ohio App.3d at 376.
Jennifer did not object to the alleged defect of the incorrect offense date in the complaint. Even with an objection, the alleged defect would have been immaterial, as the incorrect date would not have invalidated the complaint. Madden, 15 Ohio App.3d at 131. The complaint properly alleged that Jennifer was delinquent for receiving stolen property, a violation of R.C. 2913.51. The state presented testimony to support such an allegation. Jennifer does not challenge the sufficiency of this testimony.
The trial court did not err by finding Jennifer delinquent based upon acts committed on a date other than that included in the complaint. The assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ORDERING RESTITUTION IN AN AMOUNT IN EXCESS OF THAT PERMITTED BY R.C. 2151.355(A)-(8)(b).
 Jennifer contends that the trial court exceeded its authority in the amount of restitution it ordered. She argues that she was ordered to pay restitution of one half of the total value of the items bought with the forged checks, even though it was not shown that she participated in the September 9, 1999 theft offenses.
Jennifer incorrectly reads the juvenile court's restitution order. The juvenile court clearly stated that Jennifer was not liable for one half of the entire amount of forged checks. Rather, Jennifer is to repay only one half of the amount not otherwise ordered to be paid by Marybeth. To the extent that Jennifer argues otherwise, her argument is patently incorrect. To the extent that Jennifer argues the state failed to prove her participation in offenses occurring on September 9, 1999, we have addressed this argument above.
The court may, pursuant to R.C. 2151.355(A)(8)(b):
 [r]equire the child to make restitution for the property damage caused by the child's violation and for the value of the property that was the subject of the violation the child committed if it would be a theft offense, as defined in division (K) of section 2913.01 of the Revised Code, if committed by an adult. * * * The restitution may be in the form of a cash reimbursement paid in a lump sum or in installments, the performance of repair work to restore any damaged property to its original condition, the performance of a reasonable amount of labor for the victim, the performance of community service or community work, any other form of restitution devised by the court, or any combination of the previously described forms of restitution.
 Receiving stolen property is a theft offense included in R.C. 2913.01(K). Thus, the juvenile court was within its power to order restitution of the value of any items which Jennifer received that were purchased with forged checks.
Jennifer was present when checks were stolen and used. She received items from Brittany's forging spree. The trial court's order was within the authority granted by R.C. 2151.255(A)(2). The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., concurs.
WALSH, J., dissents.