David E. Carney, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas. The court found appellant guilty of assault, a violation of R.C. 2913.03.
On April 26, 1999, at approximately 2:30 a.m., an incident occurred in the parking lot of the Millennium Bar in Hilliard, Ohio. According to the victim, Robert Jackson, and three eyewitnesses, Edward Stroud, Kenneth Hambrick, and Patrick Graham, appellant attempted to run over Jackson with his automobile. Graham testified that he saw appellant's car hit the rear door of the bar. Jackson testified that appellant struck him with his car, causing him to roll onto the hood of the car. Appellant claimed that he never struck Jackson. All of the eyewitnesses agreed that appellant's car stopped only after he backed his car into a pick-up truck. The police were called to the scene, and appellant was kept at the premises until they arrived.
A grand jury indicted appellant for felonious assault, a violation of R.C. 2903.11, and aggravated vehicular assault, a violation of R.C.2903.08. The aggravated vehicular assault charge was dismissed by the court prior to appellant's trial at the state's request. After waiving his right to a trial by jury, appellant was tried before the court on April 5, 2000. The court found appellant guilty of assault, a violation of R.C. 2903.13, and a lesser-included offense of felonious assault. SeeState v. Weaver (July 16, 1999), Champaign App. No. 98-CA-32, unreported. Appellant appeals his conviction and presents the following two assignments of error:
 I. THE COURT BELOW ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29, OHIO RULES OF CRIMINAL PROCEDURE, AS THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 II. THE JUDGMENT BELOW IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues in his first assignment of error that at the close of the state's case, the evidence was insufficient to meet the elements of felonious assault. Appellant argues that "there is no basis to find that [appellant's] automobile was used `in a manner likely to produce great bodily harm or death.'" Appellant's counsel made a Crim.R. 29 motion after the state presented its evidence. The trial court overruled the motion.
Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. McCoy
(June 22, 2000), Franklin App. No. 99AP-969, unreported, following Statev. Dennis (1997), 79 Ohio St.3d 421, 430, certiorari denied (1998), 522 U.S. 1128, 118 S.Ct. 1078.
Since the court found appellant guilty of the lesser-included offense of assault, the issue of whether appellant was prejudiced by the court's failure to find that the evidence was insufficient to support a conviction for felonious assault is moot. When an appellate court reviews a Crim.R. 29 motion, the motion should be reviewed in the context of whether the evidence presented supported the offense for which the defendant was convicted. "[A] claim that the trial court should have granted a motion for a judgment of acquittal is a claim that the evidence is insufficient to support the conviction." State v. Waire (Aug. 20, 1999), Hamilton App. No. C-990131, unreported. The dismissal of an offense greater than a lesser-included offense does not mandate a dismissal of the defendant from further prosecution because "an indictment on a greater offense necessarily and simultaneously charges a defendant with lesser included offenses as well." State v. Turner (Dec. 30, 1997), Franklin App. No. 97APA05-709, unreported, dismissed (1998),81 Ohio St.3d 1496. Therefore, we will limit our review to whether sufficient evidence was presented by the state to support appellant's conviction of assault.
R.C. 2903.13(A) states in part that no person "shall knowingly cause or attempt to cause physical harm to another." R.C. 2901.22(B) states:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
"Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3).
In the present case, Jackson testified that appellant hit him with his vehicle. Jackson stated that the car hit him "right in the knees and the calf. It was just enough to knock me up on the hood of the car." Jackson testified that he was carrying a "little two-by-four" used to prop open a door at the rear of the bar. Jackson stated that after he was hit by appellant's car, "I looked down and I have only got about 18 inches of wood in my hand now, because it had shattered when it hit." Jackson further stated that just before he was hit, he heard appellant's car accelerate.
Stroud testified that while he was in the doorway to the bar, he noticed headlights shining on both he and Jackson. Stroud stated that he turned around and saw appellant's car "coming directly at us." He also stated that after he witnessed Jackson get hit by the car, "the car was put in reverse and squealed backwards." Hambrick testified that as he entered the bar from the rear door he "heard the wheels screech" and then he "turned and the car struck [Jackson] and knocked him up on the hood of the car." Graham testified that while he and Hambrick were standing at the rear door of the bar, Hambrick:
* * *
 shoved me out of the way. As soon as he did, the car hit the door. It was instantaneous. As soon as he moved me out of the way, he did hit the door.
* * *
 I saw [the car] hit the side of the door. It had shattered the piece of wood that we used to hold open the door. I saw the side of the car. It was right against the door.
Graham also testified that he did not actually see Jackson get hit by the car because his line of vision from inside the building was such that he could only see the car.
After having reviewed the evidence presented by the state in a light most favorable to the state, we find that sufficient evidence was presented to demonstrate that appellant was guilty of assault. We find that a rational factfinder could have found that appellant knowingly caused or attempted to cause physical harm to Jackson by driving his car toward him. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that his conviction was not supported by the manifest weight of the evidence. In his appellate brief, appellant argues that it was inconsistent for the court to find him not guilty of felonious assault and then find him guilty of assault. Felonious assault differs from assault in that the offender must have either: (1) caused "serious physical harm," or (2) caused or attempted to cause physical harm by means of a deadly weapon or a dangerous ordnance. R.C. 2903.11(A). Appellant claims that since there was never any question concerning whether Jackson suffered serious physical harm, the indictment against appellant was based upon evidence that he used his motor vehicle as a "deadly weapon or dangerous ordnance." Appellant states in his brief that given "the facts of this case, however, it is inconsistent to find that [appellant] did not use his automobile as a weapon yet he knowingly caused or attempted to cause physical harm to [Jackson]."
Even if we deemed the court's findings (that appellant was guilty of assault and not guilty of felonious assault) inconsistent, the United States Supreme Court has stated the fact that if there is an inconsistency, it does not mandate a reversal of a defendant's criminal conviction. United States v. Powell (1984), 469 U.S. 57, 105 S.Ct. 471. We have recently stated:
 The [United States Supreme] Court based its conclusion upon the following reasons: (1) the general reluctance of courts to inquire into the workings of the jury; (2) the equal possibility that the inconsistency was caused either by the jury's leniency towards a criminal defendant or by a mistake by the jury ("it is unclear whose ox has been gored"); (3) the state being precluded from appealing an inconsistent verdict by the Double Jeopardy Clause of the United States Constitution; and (4) the fact that a criminal defendant may be afforded protection against jury irrationality or error by an independent review of the sufficiency of the evidence by trial and appellate courts. State v. Williams (Apr. 29, 1999), Franklin App. No. 98AP-975, unreported, following Powell, supra, at 65-69, 476-479. See, also, State v. Lovejoy (1997), 79 Ohio St.3d 440, 444.
Additionally, appellate review of the evidence shows that appellant's conviction should not be reversed because it was against the manifest weight of the evidence. In order for this court to reverse the judgment of the trial court on the basis that the verdict was against the manifest weight of the evidence, we must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. Our review is somewhat limited in that the weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact because the trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. McCoy,supra, following State v. Burdine-Justice (1998), 125 Ohio App.3d 707,716; In re Good (1997), 118 Ohio App.3d 371, 377.
Appellant testified that he never attempted to hit Jackson or Stroud. Appellant claimed that he never hit Jackson or the building, and that the only thing he hit was the pick-up truck. In support of his testimony, appellant presented Jack Holland as a witness. Holland, a retired Ohio State Highway Patrolman, testified that he was the "principal reconstructionist for the Highway Patrol from 1967 until my retirement in 1991." Holland testified that there was no evidence of an impact between appellant's car and the building. Holland also gave his opinion concerning whether appellant would have been able to turn his car in such a manner to hit Jackson. Holland stated: "[i]t is not impossible to make it from the back door. But it is highly unlikely that at 20 miles an hour any driver could perform that complex maneuver, especially one that had something to drink."
However, the resolution of conflicting testimony is normally reserved for the factfinder unless we find that "in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. In the present case, the three eyewitnesses testified they saw appellant drive his automobile toward Jackson in an apparent attempt to hit him. The same three eyewitnesses also testified that they saw appellant hit Jackson with his automobile. In addition, the victim and the three eyewitnesses testified they saw appellant's car hit the building before he hit the pick-up truck. Based upon their testimonies, we find that appellant's conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ BROWN, J.
LAZARUS and KENNEDY, JJ., concur.