DECISION
Anna M. Jones, defendant-appellant, appeals the judgment of the Franklin County Municipal Court, wherein the court found her guilty of assault, in violation of R.C. 2903.13, a first-degree misdemeanor.
Appellant is Jodee Trimper's neighbor and had been friends with Trimper, her daughter, Courtney Chafin, and her mother-in-law, Armeda Sue Rodgers, for approximately fourteen years, eleven years, and twenty years, respectively. According to the testimony and evidence admitted at trial, Trimper's husband, Mark Chafin, had been doing some repair work on a van belonging to appellant's brother, Arthur Jackson. On July 11, 2001, Jackson went to Trimper's house to speak with Chafin. When he knocked on the door, Courtney answered it and told Jackson her father was at work. Trimper then came to the door, and Jackson demanded to see Chafin. Jackson and Trimper spoke, and Trimper closed the door. Five minutes later, there was another knock at the door. Trimper opened the door, and appellant was on her porch. Appellant told Trimper that her brother needed to see Chafin. After some discussion, Trimper claimed she started to shut the door, when appellant grabbed her. At some point, appellant allegedly grabbed Trimper by the shirt, resulting in Trimper falling onto the floor. Trimper claimed she sustained injuries, including a bruised kneecap and scratches on her neck and shoulder, as a result of appellant's actions. Appellant testified that she went to Trimper's home to get Chafin's work telephone number. She stated she only pushed the door to stop it from being shut on her hand.
On July 17, 2001, Trimper filed complaints in the Franklin County Municipal court charging appellant with aggravated trespass, assault, and disorderly conduct. On October 18, 2001, the case was tried before a judge. The trial court found appellant not guilty of aggravated trespass and disorderly conduct, but found her guilty of assault. On November 2, 2001, the court sentenced appellant to 180 days incarceration, but credited appellant for two days and suspended 175 days. Appellant was ordered to serve the remaining three days. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
First Assignment of Error:
 The judgment of the trial court is contrary to the manifest weight of the evidence.
Second Assignment of Error:
 The trial court committed reversible error and deprived Appellant of a fair trial by excluding relevant evidence.
We will address appellant's second assignment of error first. Appellant argues in her second assignment of error the trial court erred when it excluded relevant evidence. It is well-established that the admission and exclusion of evidence rests within the sound discretion of the trial court. State v. Robb (2000), 88 Ohio St.3d 59, 68. Absent both an abuse of discretion and a showing that the accused has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. State v. Martin (1985),19 Ohio St.3d 122, 129. An abuse of discretion connotes more than an error of law or judgment, and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The state presented photographs demonstrating physical injuries it claimed appellant inflicted upon Trimper. Appellant sought to introduce evidence that Trimper had sustained similar injuries in the past that were inflicted by someone other than appellant and that Trimper had filed a domestic violence report in the past. The court sustained the state's objections to this evidence. Appellant contends she was permitted to introduce such evidence because the evidence was relevant to whether the injuries were inflicted upon Trimper by her or someone else, specifically, Mark Chafin.
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. In general, relevant evidence is admissible, unless some other provision of law makes it inadmissible, and irrelevant evidence is inadmissible. Evid.R. 402.
Trial courts also have broad discretion in determining whether evidence is relevant or irrelevant. State v. Sanders (2001), 92 Ohio St.3d 245,259.
In the present case, the evidence sought to be admitted by appellant was not relevant. Appellant sought to introduce evidence of domestic violence that occurred in March 1995. The trial court ruled that it would permit appellant to introduce evidence concerning the March 1995 incident only if appellant tied it to Trimper's injuries. Appellant attempted to do so, but failed, and the court determined the evidence was not relevant. We agree with the trial court. Appellant simply had no foundation, corroboration, or evidence to show any relation between an alleged incident of domestic violence from six years prior and the injuries Trimper had on the night of the incident. Absent testimony or other evidence that the remote incident of alleged domestic violence was related to the injuries sustained by Trimper, this evidence lacked relevance to the present case. Given the trial court's broad discretion in admitting and excluding evidence, it cannot be said that the court abused its discretion in disallowing appellant to introduce evidence regarding the March 1995 incident. Appellant's second assignment of error is overruled.
Appellant argues in her first assignment of error that the trial court's judgment was against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Gray (2000), Franklin App. No. 99AP-666. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193.
In a manifest weight of the evidence review, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. "The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997),118 Ohio App.3d 371, 377.
Appellant was found guilty of assault, in violation of R.C. 2903.13, which provides in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
* * *
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
Appellant presents little argument in support of this assignment of error. Appellant claims that the greater weight of evidence establishes there was only a verbal disagreement between appellant and Trimper. We disagree. Arthur Jackson and appellant both testified there was no physical contact between the women, and Trimper had no physical injuries when they saw her. However, the greater amount of credible evidence offered in a trial supports the state's version of the evidence. Trimper testified that after appellant told her she needed to call her husband, Chafin, she told appellant that she did not want to get involved in any problem between Chafin and Jackson. Trimper stated that when she went to shut the door, appellant grabbed her by the shirt, dragged her, and she "saw stars." She testified that she sustained a bump and bruises on her forehead, scratches on her neck and back, and bruises on her legs. The state introduced photographs of these injuries into evidence, which were taken several days after the incident.
Courtney Chafin, Trimper's daughter; Armeda Sue Rodgers, Trimper's mother-in-law; and Columbus Police Officer Kerry Kaiser also testified. Courtney testified she saw appellant grab her mother's nightgown from behind, which caused her mother to go forward and hit her head, and then appellant dragged her mother into the doorway. Courtney also testified that her mother had a bruise on her back and shoulders and a cut on her forehead. Armeda, who lives next door to Trimper, testified that she heard a commotion at Trimper's house and walked out of her house to see what was going on. She saw appellant walking from Trimper's porch angry and out of breath. She went into Trimper's house and saw Trimper holding her pajama top together. Trimper had scrapes on her head, leg, and back, and was crying, and there was broken glass on the ground. Trimper told her that appellant had pushed her against the door and had thrown her onto the floor. Officer Kaiser testified that when he arrived at the scene, Trimper had an abrasion on her face and back, there was broken glass inside the doorway, and Trimper was distraught.
The trial judge, the trier of fact in this case, apparently found the testimony of the state's witness convincing, and we have no reason to disturb such a determination. After reviewing the record and weighing the evidence and all reasonable inferences, we do not believe this is an exceptional case in which the evidence weighs heavily against the conviction. The circumstantial and direct evidence demonstrated with a high degree of probative force and certainty that appellant committed assault. The trial court did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Therefore, appellant's conviction for assault was not against the manifest weight of the evidence. For the foregoing reasons, appellant's first assignment of error is overruled.
Accordingly, we overrule appellant's two assignments of error, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
LAZARUS and BOWMAN, JJ., concur.