In re Haas.

[Cite as In re Haas (1975), 45 Ohio App. 2d 187.]

(No. 4134—Decided January 29, 1975.)

*Mr. David D. Dowd, Jr.,* prosecuting attorney, and *Mr. Richard J. Burt,* for the appellee, the state of Ohio.

*Mr. Lawrence H. Curtis,* for the appellant, James Jennings Haas.

PUTMAN, P. J. On August 12, 1974, delinquency complaints were filed against the appellant, James Jennings Haas, charging him with delinquency by reason of two aggravated robberies. On August 20, 1974, the appellant appeared at his arraignment and denied the charges.

On October 7, 1974, the appellant changed his plea to "true" on both counts and was found delinquent by Judge Milligan of the Stark County Family Court, juvenile division. Immediately after that finding, the court proceeded to the dispositional hearing.

At the dispositional hearing, the acts were described, a psychological report was admitted, a probation officer spoke, and the appellant's father spoke. At the close of the hearing, the appellant was ordered premanently committed to the Ohio Youth Commission. This is an appeal from that judgment.

Errors are assigned as follows:

"1. The judgment of the Juvenile Court was not appropriate nor pursuant to Rule 34(C) of the Ohio Rules of

Juvenile Procedure, and the judgment was against the manifest weight of evidence.

"2. The Juvenile Court failed to advise the child of his right to record expungement and right to appeal as required by Rule 34(E) of the Ohio Rules of Juvenile Procedure."

Both are overruled. Our reasons follow.

I.

The procedure of the dispositional hearing is governed by Juvenile Rule 34. The actual dispositional alternatives are set forth in R. C. 2151.355. The Juvenile Court has broad latitude in making its disposition where a child has been found delinquent. That section contains nine dispositional alternatives, the last of which authorizes the Juvenile Court to make "* * * such further disposition as the court finds proper."

"Delinquency has not been declared a crime in Ohio, the Ohio Juvenile Act is neither criminal nor penal in its nature but is an administrative police regulation." *In re James L.* (1963), 25 Ohio Ops. 2d 369, 194 N. E. 2d 797. Also, see *In re Agler* (1968), 15 Ohio App. 2d 240, affirmed with opinion at 19 Ohio St. 2d 70.

The concept in the case of juvenile offenders is one of reformation rather than one of punishment. *State* v. *Hale* (1969), 21 Ohio App. 2d 207. In placing a delinquent child under the guardianship of public authorities, it is the object of the law to provide proper care, discipline, education and training for the juvenile until he is rehabilitated or attains the age of majority. *In re Whittington* (1967), 13 Ohio App. 2d 11.

We find that the Juvenile Court properly considered the welfare of the child, his education and his rehabilitation. The court's order required that the Ohio Youth Commission provide appropriate psychiatric services and appropriate education to the appellant during his commitment. Thus, the Juvenile Court did recognize the need for psychiatric care as is indicated by Mr. Medlin's report and Dr. Kinsey's concurrence therein.

The appellant claims that the Juvenile Court abused

its discretion by not following the recommendations of Mr. Medlin and Dr. Kinsey, citing *State, ex rel. Tailford,* v. *Bristline* (1917), 96 Ohio St. 581, in support of his position.

We find that case to be inapplicable to the case at bar. *Bristline* was decided in 1917, when disposition of delinquent and neglected children occurred under the same section of the law. That case dealt with a neglected child who was ordered removed from the custody of its mother and committed to an institution. Here, there is a delinquent child who committed two aggravated robberies. The disposition of neglected children cases is under R. C. 2151.353, and the disposition of a delinquent child is under R. C. 2151.355. Assuming, arguendo, that *State, ex rel Tailford,* v. *Bristline* is applicable, the Juvenile Court did act in good faith and in the interest of the child as required by that case.

In this case, the danger to society is clear from the nature of acts already committed. Further, there is a likelihood that such acts will be repeated. It was stated that the appellant has "* * * week [sic] control over emotional impulses * * *" and there is "* * * too little responsiveness to environmental influences * * *." He will go "* * * to extremes to attain his goal * * *" and "if good psychotherapeutic intervention does not occur it is likely that Jim will behave in such a way as to harm himself again by seeking satisfaction for effectional needs." (All of the foregoing quotes are drawn from Mr. Medlin's report.)

## II.

Juvenile Rule 34(E) states:

"At the conclusion of the hearing, the court shall advise the child of his right to record expungement and, where any part of the proceeding was contested, advise the parties of their right to appeal."

In the present case, the appellant entered a plea of "true" to both counts of the aggravated robbery. At the time, he was represented by an attorney, Mr. Lawrence Curtis. These pleas changed a previous denial of the charges to an admission of the facts set forth in the Com-

plaint. After the pleas were entered, the Juvenile Court proceeded into a dispositional hearing and at no time did the appellant or his counsel object to proceeding to disposition. We find that no part of the proceeding was contested, therefore, the Juvenile Court was not required to advise the appellant of a right to appeal under Juvenile Rule 34(E).

We note that the appellant has pursued an appeal which is presently before this court. Assuming arguendo that the Juvenile Court was required to advise the appellant of a right to appeal, any failure to do so has worked no prejudice.

Appellant also contends that the Juvenile Court erred in failing to advise him of his right to record expungement under Juvenile Rule 34(E). As with the appellant' right to appeal, no prejudice appears.

R. C. 2151.358 deals with expungement of records. It states that an application for expungement of a record "* * * shall be filed no sooner than two years after the termination of any order made by the court or two years after his unconditional discharge from the Ohio Youth Commission * * *." The time requirement of R. C. 2151.358 has not been met as the appellant was adjudicated delinquent on October 7, 1974 and committed to the Ohio Youth Commission the same day. One more year must pass before his right to request expungement ripens and these proceedings demonstrate he knows his rights. This claim is frivolous.

For the foregoing reasons, both assigned errors are overruled, and the judgment of the Court of Common Pleas. is affirmed.

*Judgment affirmed.*

RUTHERFORD and COOK, JJ., concur.