Sarah L. Brown appeals her delinquency adjudications and assigns the following errors:
 I. "THE TRIAL COURT'S ACCEPTANCE OF AN ADMISSION FROM A CHILD, WITHOUT DETERMINING WHETHER THE ADMISSION WAS MADE WITH AN UNDERSTANDING OF THE ALLEGATIONS AND THE CONSEQUENCES OF ADMISSION, WAS PREJUDICIAL ERROR, RENDERING THE PLEA NOT VOLUNTARY, KNOWING AND INTELLIGENT, IN VIOLATION OF THE CHILD'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND OHIO JUVENILE RULE 29."
 II. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO FULLY INFORM THE ALLEGED DELINQUENT CHILD OF THE NATURE OF THE CHARGES AGAINST HER AND OF THE CONSEQUENCES OF ENTERING A PLEA OF ADMISSION IN VIOLATION OF THE CHILD'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND OHIO JUVENILE RULE 29."
 III. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO FULLY INFORM THE ALLEGED DELINQUENT CHILD OF HER RIGHTS TO CHALLENGE THE WITNESSES AND EVIDENCE AGAINST HER, THE RIGHT TO REMAIN SILENT, AND THE RIGHT TO INTRODUCE EVIDENCE AT AN ADJUDICATORY HEARING IN VIOLATION OF THE CHILD'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND OHIO JUVENILE RULE 29."
 IV. "THE TRIAL COURT'S ACCEPTANCE OF AN ADMISSION FROM A CHILD, WITHOUT FULLY INFORMING THE ALLEGED DELINQUENT CHILD OF HER RIGHTS TO CHALLENGE THE WITNESSES AND EVIDENCE AGAINST HER, THE RIGHT TO REMAIN SILENT, AND THE RIGHT TO INTRODUCE EVIDENCE AT AN ADJUDICATORY HEARING WAS PREJUDICIAL ERROR, IN VIOLATION OF THE CHILD'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND OHIO JUVENILE RULE 29."
 V. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO NOTIFY THE APPELLANT OF HER RIGHT TO APPEAL THE DISPOSITIONAL ORDER OF THE COURT FINDING HER TO BE A DELINQUENT CHILD IN VIOLATION OF JUVENILE RULE 34(J), RESULTING IN A DEPRIVATION OF APPELLANT'S RIGHTS TO DUE PROCESS, DEPRIVING THE CHILD OF HER LIBERTY AND ABRIDGING HER RIGHT TO COUNSEL."
 VI. "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO A SEPARATE DISPOSITIONAL HEARING PURSUANT TO JUVENILE RULE 34(A)."
In February, 1998, appellant was adjudicated delinquent and placed on probation. Subsequently, she was charged with numerous allegations arising from several separate incidents.[1] Appellant was charged under five separate case numbers, but has appealed only two of the five cases. We suasponte consolidated her appeals and will confine our discussion to those two cases. In 98CA2598 she was charged with delinquency by receiving stolen property and escape. In 98CA2599 she was originally charged with delinquency by grand theft, but the issue in that case was her probation revocation. All five cases were disposed of at one hearing. Appellant admitted the allegations of probation revocation and escape. In exchange, the appellee dismissed the allegations of receiving stolen property. The magistrate proceeded immediately to the dispositional hearing and committed appellant to the custody of the Department of Youth Services (DYS) for a minimum period of six months or until she is twenty-one years old on each delinquency adjudication.
 I.
In her first four assignments of error, appellant argues that the trial court erred in accepting her pleas of admission because the magistrate did not comply with Juv.R. 29(D).
Juv.R. 29(D) provides in part:
 "The court * * * shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." (Emphasis supplied)
This rule places an affirmative duty upon the juvenile court. Prior to accepting an admission, the juvenile court mustpersonally address the party before the court and determine that the party, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567, 571. Furthermore, the test for the accused delinquent's understanding of the charges is subjective, rather than objective. Id. See, cf. State v. Nero (1990), 56 Ohio St.3d 106,108 (Crim.R. 11 requires that the defendant subjectively understand the implications of a guilty plea). It is not sufficient that a hypothetical reasonable party would understand; rather, the person actually before the court must understand. Id. An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C).[2] In re Christopher R. (1995),101 Ohio App.3d 245, 247; In re Jenkins (1995), 101 Ohio App.3d 177,179. Both rules require the respective trial courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778, 781 and Inre McKenzie (1995), 102 Ohio App.3d 275, 277. Strict adherence to the procedures imposed by these rules is not constitutionally mandated; however, courts have interpreted them as requiring substantial compliance with their provisions. See State v. Billups (1979), 57 Ohio St.2d 31, 38; Beechler;Christopher R.; Jenkins. The failure of a lower court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Id.
 (A).
In her first two assignments of error, appellant argues that the magistrate did not comply with Juv.R. 29(D)(1) and therefore the trial court erred in accepting her admissions. She asserts that the magistrate did not ensure that she understood the nature of the charges she admitted to because the trial court did not engage in a meaningful dialogue with her, did not explain the elements of the charges to her, and did not read the complaints and motion to revoke probation to her.
Upon consideration of the record in this case, we find that the trial court substantially complied with Juv.R. 29(D)(1). After explaining appellant's constitutional rights, the magistrate then explained the consequences of the plea to appellant. He told her that she could be committed to DYS for a minimum of six months or up to the age of twenty-one, receive a fine, or both. He told her in what type of facilities she could be placed. Several times he asked appellant if she had any questions. The magistrate told appellant she was charged with escape, receiving stolen property, and revocation of probation and asked appellant if she understood "what we're talking about on that case?" She answered yes. He then asked "is that what you wish to do?" and she answered yes. Thus, the record indicates that the magistrate substantially complied with Juv.R. 29(D)(1) and the trial court did not err in accepting appellant's pleas of admission. We overrule her first and second assignments of error.
 (B).
In her third and fourth assignments of error, appellant asserts that the magistrate did not comply with Juv.R. 29(D)(2). She argues that the trial court failed to specifically determine if appellant understood that she was waiving her right to remain silent by admitting to the allegations.
After considering the entire record in this case, we find that the trial court substantially complied with Juv.R. 29(D)(2). At the beginning of the hearing, the magistrate explained to appellant her right to a court-appointed attorney, to present witnesses, and to not testify or make a statement against herself. The appellant signed a waiver of her rights that included the right "not to testify or make any statement against myself." After reading aloud this portion of the waiver, the magistrate asked appellant if she understood the rights he had just explained to her and she answered yes. Thus, the record indicates that the magistrate substantially complied with Juv.R. 29(D)(2). The trial court did not err in accepting her admission. We overrule appellant's third and fourth assignments of error.
Although we have determined that the trial court substantially complied with Juv.R. 29 in this case, there is no practical reason for the magistrate to continue taking juvenile pleas in this manner. This court, without having the benefits of observing the juvenile's demeanor or responses, relies entirely on the written record. The better practice is for the trial court to ensure that the magistrate's compliance with Juv.R. 29 is obvious from the record, especially given the minimal extra effort needed to do so. A brief explanation of the allegations rather than a reference to the charge using legal terminology, such as "escape" or "grand theft" would ensure that the record clearly reflects that the juvenile understood the nature of the allegations. The magistrate's practice of referring to the charges by their short-hand legal name is risky. See, e.g., In re Doyle (1997), 122 Ohio App.3d 767
("complicity to receiving stolen property" is not a term most adults, let alone children, would understand; therefore, failure to explain the elements is reversible error).
 II.
In her fifth assignment of error, appellant asserts that the magistrate committed prejudicial error by failing to inform her of her right to appeal. Juv.R. 34(J) provides:
 "At the conclusion of the hearing, the court shall advise the child of the child's right to record expungement and, where any part of the proceeding was contested, advise the parties of their right to appeal."
Appellant asserts that she was prejudiced by the trial court's failure to inform her of her right to appeal because she was forced to file a pro se appeal and wait for court-appointed counsel. In spite of her lack of counsel, she was able to timely file a pro se notice of appeal, order a transcript of the proceedings, comply with the Local Rules by filing a Criminal Docketing Statement, and move for a court-appointed attorney. The trial court appointed an attorney less than a week later. Thus, appellant was not prejudiced by the trial court's failure to inform her of her right to appeal. See In re Haas (1975), 45 Ohio App.2d 187; In re Hendricks
(March 1, 1996), Ashtabula App. No. 95-A-0043, unreported. Accordingly, any potential error on the part of the trial court was harmless. Id. We overrule her fifth assignment of error.
 III.
In her sixth assignment of error, appellant argues that her right to a separate dispositional hearing was violated. She asserts that the magistrate's acceptance of her attorney's representation that appellant wanted to proceed to a dispositional hearing immediately after she was adjudicated delinquent without personally asking appellant was prejudicial error. As counsel cites no authority for this proposition, we reject it summarily after reviewing Juv.R. 29(F)(2) which states in part:
 "Upon the determination of the issues, the court shall do one of the following:
* * *
 (2) If the allegations of the complaint are admitted or proved, do one of the following:
 (a) Enter an adjudication and proceed forthwith to disposition; or
 (b) Enter an adjudication and continue the matter * * * (.)"
and Juv.R. 34(A) which states in part:
 "* * * Where the dispositional hearing is to be held immediately following the adjudicatory hearing, the court, upon the request of any party, shall continue the hearing for a reasonable time to enable the party to obtain or consult counsel."
See by way of comparison Juv.R. 29(D) discussed above, which expressly requires a personal dialogue between the court and the offender.
 III.
Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Evans, J.
Concur in Judgment Opinion:
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Since appellant's brief does not contain a "Statement of Facts" as required by App. R. 16(A)(6), we have gleaned some of the pertinent facts from the record of the two cases which appellant has appealed.
[2] But, cf., In re Harris (1995), 104 Ohio App.3d 324, 327, in which the court held that the acceptance of an admission in juvenile court is not so analogous to accepting a guilty plea in an adult felony case that the requirements of Crim.R. 11(C)(2) apply.