OPINION
This appeal arises from an adjudication and subsequent disposition by the Court of Common Pleas for Mahoning County, Juvenile Division, finding Appellant, David Kopnitsky delinquent by reason of multiple parole violations. As a result of the parole violations, the Juvenile Court reimposed two previously suspended commitments to the Department of Youth Services for separate counts of gross sexual imposition. Appellant submits that the Juvenile Court should have conducted an inquiry into whether Appellant was under the influence of alcohol and/or drugs when he waived his rights and admitted to the offenses. For the following reasons this Court affirms the judgment of the Juvenile Court.
Appellant has a lengthy and involved history with the Department of Youth Services (hereinafter "DYS"). Although the record before us does not indicate the nature of the charges, we note that Appellant was released on parole from DYS detention on May 25, 1994. (July 21, 1994 Judgment Entry). On May 31, 1994, while on parole, a new complaint was filed charging Appellant with four counts of gross sexual imposition and one count of aggravated menacing. (May 31, 1994 Complaint). On July 6, 1994, Appellant attended an adjudication hearing where he entered a plea of admission to the charges against him. (July 21, 1994 Judgment Entry). A disposition hearing was held and the judge sentenced Appellant to 90 days detention for violating parole and six months detention on each of two counts of gross sexual imposition to be served consecutively. (July 21, 1994 Judgment Entry). Appellant was also sentenced to two additional six month consecutive terms of detention for the remaining two counts of gross sexual imposition, but the judge suspended this portion of his sentence. This suspension was specifically subject to reimposition of sentence in the event Appellant violated any of the conditions of parole which would be mandated following Appellant's release from detention. (July 21, 1994 Judgment Entry).
On July 3, 1996, Appellant was released on parole. (October 9, 1996 Judgment Entry). The conditions of Appellant's parole were that he reside with his grandmother, comply with an established curfew and notify his father of his whereabouts. Shortly after release, he violated the terms and conditions of his parole by unilaterally changing his place of residence. (October 9, 1996 Judgment Entry). He was warned by the court as to the consequences of continued violations but was allowed to remain on parole. The record indicates that Appellant again failed to follow the conditions of parole by being absent without leave from August 15, 1996 to August 25, 1996, by continuously violating his curfew and by failing to keep his father informed of his whereabouts. (August 27, 1996 Complaint).
As a result of these parole violations, a new complaint was filed. On August 29, 1996, an adjudicatory hearing was held before a magistrate. The record before us does not include a transcript of this hearing. The record, however, does contain the magistrate's decision. (September 4, 1996 Magistrate's Decision). This decision notes that Appellant appeared at the hearing with his father and his parole officer and admitted to the allegations in the complaint. Appellant remained in custody until his dispositional hearing which was held on October 7, 1996. (September 4, 1996 Magistrate's Decision)
At the dispositional hearing, Appellant was accompanied by legal counsel as well as his father. His parole officer was also present. The transcript of this hearing reflects that Appellant and the court had a lengthy dialogue whereby the court inquired as to Appellant's understanding of his plea and admissions. The court inquired as to whether Appellant understood the possible consequences of the plea, which could include the reimposition of previously suspended sentences for his conviction on two counts of gross sexual imposition. (Tr. pp. 4-7). Appellant stated he understood the nature of the rights he waived at the adjudication hearing and understood the possible consequences of his plea of admission. (Tr. pp. 4-7). Consequently the court accepted and adopted the findings of the magistrate. (Tr. p. 7).
Appellant made a statement to the court where he explained that his dependence on drugs and alcohol was the reason that he had continuously violated parole. (Tr. pp. 8-10). He also stated to the court that he had been using drugs and alcohol the entire time he was on parole. (Tr. p. 10). In a judgment entry dated October 9, 1996, the court accepted Appellant's admission to the parole violations, found Appellant unamenable to any community based treatment and reimposed the detention which was previously suspended on two of the gross sexual imposition charges.
On November 12, 1996, Appellant filed a notice of appeal and an affidavit expressing his desire to appeal his adjudication and disposition. On September 8, 1997, this Court accepted the delayed appeal, extended time for Appellant to file a brief and appointed him counsel. Appellant's brief was filed with this Court on February 26, 1998. It asserted the following Assignment of Error:
 "APPELLANT'S GUILTY PLEA SHOULD BE STRICKEN BECAUSE IT WAS NOT MADE VOLUNTARILY, KNOWINGLY, OR INTELLIGENTLY."
Appellant argues that because he told the juvenile court that he was under the influence of drugs and alcohol the entire time he was free on parole, the court should have inquired further to determine if Appellant was under the influence of drugs or alcohol during the court proceedings brought against him.
Appellant's argument implicates two separate stages of the proceedings in which he maintains the court should have made an inquiry. First, Appellant suggests that the juvenile court should have inquired as to whether Appellant was under the influence of drugs or alcohol when he pled guilty before the magistrate at his adjudication hearing held on August 29, 1996. Lastly, Appellant maintains that the juvenile court should have inquired as to whether Appellant was under the influence of drugs and alcohol when he reaffirmed his prior guilty plea at the disposition hearing held before the juvenile court on October 7, 1996. Appellant argues that since the juvenile court failed to make this determination regarding the use of alcohol and/or drugs, the court could not be certain as to Appellant's ability to voluntarily and intelligently waive his rights by pleading guilty.
Adjudication and disposition are two separate stages in the juvenile process and each contain separate and distinct purposes. Juv.R. 29 and Juv.R. 34 provide that juvenile proceedings should be bifurcated into separate adjudicatory and dispositional hearings. In re Campbell (1983), 13 Ohio App.3d 34, 35. The purpose of the adjudicatory hearing is to determine if the juvenile is, ". . . a juvenile traffic offender, delinquent, unruly, abused1 neglected or dependent or otherwise within the jurisdiction of the court. . . ." Juv.R. 2 (B). The purpose of the dispositional hearing, on the other hand, is to, ". . . determine what action shall be taken concerning a child who is within the jurisdiction of the court . . ." Juv.R. 2 (L). As each of these stages in the proceeding serve different purposes, each will be analyzed in light of Appellant's sole assignment of error.
A. Juv.R. 29 Adjudication Hearing
When a juvenile is brought before the court for a Rule 29 adjudicatory hearing, the juvenile is requested to admit to or deny the allegations in the complaint. If the juvenile refuses to enter a plea or otherwise fails to admit the allegations described in the complaint, that failure shall constitute a denial. Juv.R. 29 (C). If the juvenile admits to the charges, the court may refuse to accept such a plea and shall not accept a plea without addressing the defendant personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 "The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule."
Juv.R. 29 (D).
Appellant argues that the juvenile court should have inquired to determine if Appellant was under the influence of drugs and/or alcohol at the time he entered his plea of admission before the magistrate in order to assure that the plea was voluntary. The failure to inquire, Appellant asserts, constitutes grounds to strike his guilty plea.
We begin our analysis with the appropriate standard of review. Unless the juvenile court exceeds the statutory sentencing guidelines or abuses its discretion, which would imply that the court's attitude is unreasonable, arbitrary or unconscionable, the court of appeals will not reverse its decision. In re WilliamH. (1995), 105 Ohio App.3d 761, 767.
This Court notes that Appellant is assigning error to a proceeding but has failed to include the transcript of that proceeding in the record before us. It is Appellant's burden to include in the record a transcript of all evidence that is relevant to Appellant's assignment of error. App.R. 9 (B). When a juvenile appellant does not provide a reviewing court with an adequate record for review, it is presumed that the juvenile court acted correctly. In re Hannah (1995), 106 Ohio App.3d 766,768. Appellant could have alternatively file an Agreed Statement of the Record pursuant to App.R. 9 (D). This was not done. When a magistrate renders a decision in juvenile court, a party who wishes to object or otherwise challenge the magistrate's findings of fact or conclusions of law must object within fourteen days of the magistrate's decision in order to preserve the issue for appeal. Juv.R. 40(D)(3)(b). This also was not done.
The record, however, is not completely silent as to this matter. The magistrate's journal entry indicates that Appellant was first advised of all of his procedural and constitutional rights, including the right to counsel, prior to accepting Appellant's waiver of his rights and his plea. This journal entry also indicates that Appellant was accompanied to the hearing by his father. The fact that Appellant's father was present for the hearing and during Appellant's waiver indicates that the waiver and the plea were voluntarily, knowingly and intelligently made.In re East (1995), 105 Ohio App.3d 221, 225; In re Rader (June 17, 1993), Cuyahoga App. No. 62655, unreported. Furthermore, Appellant memorialized his waiver in writing which was signed by he and his father.
There is a transcript of the dispositional hearing included in the record before us. This reflects that the court addressed Appellant personally and inquired whether Appellant understood the plea that he entered before the magistrate and the possible consequences of such a plea. (Tr. p. 6). Appellant was asked if he understood the rights that he waived by pleading guilty and if there was anything that he did not understand, to which Appellant responded in the negative. (Tr. pp. 5-7).
Based upon the record before us, we find that Appellant's plea of admission before the magistrate was made voluntarily, knowingly and intelligently.
B. Juv.R. 34 Disposition Hearing
Rule 34 codifies the requirements for juvenile dispositional hearings. It is at this stage of the proceedings against a juvenile that a sentence is imposed, the guilt or innocence of the juvenile having been previously determined at the adjudicatory hearing. Appellant argues that the juvenile court should have determined if Appellant was under the influence of drugs or alcohol when he reaffirmed his plea before the court. This inquiry, Appellant maintains, is necessary to conclude whether the initial plea of admission was made voluntarily and knowingly. Again, Appellant contends that failure to inquire by the juvenile court constitutes error and requires that his plea to be stricken.
In order to determine whether a plea of admission was given voluntarily, knowingly and intelligently, courts should look to the totality of the circumstances surrounding the admission. Inre Flyri (1995), 101 Ohio App.3d 778, 782. Appellant's position would require this Court to impose obligations on the juvenile court, when conducting a Juv.R. 34 disposition hearing, which neither statute nor the Rules of Juvenile Procedure require. It is interesting to note that Appellant suggests that the juvenile court should have inquired as to whether Appellant was under the influence of drugs or alcohol at the disposition hearing. This argument ignores the fact that Appellant was incarcerated during the time between the adjudication hearing and the disposition hearing. Interestingly, Appellant does not allege that he was, in fact, under the influence of drugs or alcohol. His only argument is that the court should have asked.
Although not required to do so at the disposition hearing, In re East, supra at 225; see also Juv.R. 34, the juvenile court engaged Appellant personally in a lengthy dialogue regarding Appellant's plea before the magistrate at the adjudication hearing. The court reiterated the rights that Appellant was waiving and the nature of Appellant's plea and its possible consequences, including the reimposition of his previously suspended sentence. (Tr. pp. 4-7). Appellant replied that he understood all of this information and understood the possible consequences of his plea. He recalled signing a written waiver reflecting the above. (Tr. pp. 4-7). Appellant was given the opportunity to make a statement to the court before sentencing, was represented by counsel and his father accompanied him to this hearing.
In its judgment entry dated October, 9, 1996, the juvenile court noted that based on its independent inquiry, it found that Appellant's plea was entered into voluntarily and intelligently. Appellant has provided no factual or legal basis to challenge this finding. Our own review of the record has failed to disclose how this finding rises to the level of an abuse of discretion.
C. Pro se Argument
Although not argued on appeal, Appellant asserts in his Motion for Leave to File Delayed Appeal that he was not informed of his right to appeal by the juvenile court pursuant to Juv.R. 34 (J). We note that this rule requires the juvenile court judge, at the conclusion of the dispositional hearing, to inform the juvenile of his right to appeal any part of the proceeding that was contested. Our review of the record reveals that Appellant did not contest any portion of the proceedings and entered a plea of admission to the charges brought against him. As such, the juvenile court was not obligated to inform Appellant of his right to appeal. In re Haas (1975), 45 Ohio App.2d 187, 190.
Furthermore, pursuant to In re Haas, supra, Appellant's appeal is currently before this Court. Assuming arguendo that it was error to fail to inform Appellant of his right to appeal, such error was harmless. Id.
The juvenile court complied with all of the requirements necessary to accept a plea of admission from a juvenile. The court inquired into the circumstances surrounding Appellant's initial plea before the magistrate and personally engaged Appellant in a lengthy dialogue, reiterating Appellant's rights, when the court accepted and adopted the magistrate's decision. The court ruled that Appellant had voluntarily, knowingly and intelligently entered a plea of admission. This Court will not disturb that ruling. Accordingly, Appellant's sole assignment of error is overruled.
Vukovich, J., concurs.
Donofrio, J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE