DECISION
Brandi M. Johnson, appellant, (a minor) appeals the March 13, 2000 judgment of the Franklin County Common Pleas Court, Division of Domestic Relations, Juvenile Branch, wherein the court adopted the magistrate's decision adjudicating appellant a delinquent minor for a charge of attempted aggravated arson (which if committed by an adult would constitute attempted aggravated arson in violation of R.C. 2923.02(A) as it relates to R.C. 2909.02), and committing her to the Department of Youth Services for an indefinite period consisting of a minimum of one year and a maximum not to exceed her attainment of the age of twenty-one.
Appellant was charged with aggravated arson and attempted aggravated arson in the juvenile court in Richland County, Ohio. A hearing regarding adjudication took place in Richland County on February 10, 2000. In exchange for appellant's cooperation in prosecuting another youth, appellant admitted to the attempted aggravated arson count, and the prosecutor dismissed the aggravated arson count. Before appellant's plea arrangement was accepted, the trial court reviewed appellant's rights and consequences of her admission. The trial court accepted the admission, adjudicated appellant a delinquent juvenile, indicated that appellant was a resident of Franklin County, and certified the case to the Franklin County Juvenile Court for disposition.
On March 3, 2000, a dispositional hearing was held before a magistrate in the Franklin County Common Pleas Court, Division of Domestic Relations, Juvenile Branch. The magistrate reaffirmed appellant to be a delinquent minor for the charge of attempted aggravated arson and committed her to the Department of Youth Services for a minimum period of one year and a maximum period not to exceed her attainment of the age of twenty-one. On March 8, 2000, the trial court adopted the magistrate's decision. On March 13, 2000, an amended magistrate's decision and judgment adopting such decision were filed pursuant to Civ.R. 60(A) to correct a clerical error regarding the Revised Code section under which appellant was adjudicated a delinquent. No objections were filed to either of the magistrate's decisions. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 The Juvenile Court erred by entering judgment finding Appellant to be a delinquent minor based upon an admission that did not comply with the requirements of Juv.R. 29(D).
Initially, we must address an issue raised by the state. Appellant failed to file objections to the magistrate's decisions with the trial court. Juv.R. 40(E)(3)(b) states, in pertinent part, that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." "The waiver under Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter (1998),134 Ohio App.3d 484, 492, citing Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. Thus, we are precluded from reviewing appellant's assignment of error. See In re Hunter (Nov. 14, 2000), Franklin App. No. 00AP-421, unreported; In re Young (Dec. 21, 1999), Franklin App. No. 99AP-489, unreported; In re Walker (Sept. 16, 1999), Franklin App. No. 98AP-1548, unreported.
However, even if appellant's arguments were properly before this court, we find such arguments to be without merit. First, with regard to appellant's right to compulsory process, in In re Spann (June 3, 1999), Franklin App. No. 98AP-839, unreported, we rejected the juvenile's assertion that the trial court was required to advise him of his right to compulsory process when there had been substantial compliance with Juv.R. 29(D). In the present case, under the totality of the circumstances, we find that appellant subjectively understood the implications of her plea and the rights she was waiving, and there was substantial compliance with the mandates of Juv.R. 29(D). See In reChristopher R. (1995), 101 Ohio App.3d 245, 248; In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281, unreported. Second, with regard to appellant's right of expungement, although in her statement of facts appellant implies the Richland County court erred in failing to advise her of her right to expungement before accepting her admission, there is no further mention of this argument elsewhere in the brief. Thus, we would not be required to address this issue. See App.R. 12(A)(2). Notwithstanding this additional deficiency, Juv.R. 34(J) requires a juvenile to be advised of the right to expunge after the dispositional hearing only and does not require such advisement at the time of the adjudicatory hearing or before accepting an admission to the allegation. Therefore, the Richland County juvenile court did not err in accepting appellant's admission to the charge of attempted aggravated arson.
We also note that although appellant did not raise the issue, the Franklin County Juvenile Court apparently did not inform appellant of her right to expungement at the conclusion of the dispositional hearing. However, no prejudice appears in the present case, as the time requirements for sealing a juvenile's record pursuant to R.C. 2151.358
have not yet been met. Further, these proceedings demonstrate that appellant is aware of her right to seal her records, and any error was, thus, harmless. See In re Haas (1975), 45 Ohio App.2d 187.
Accordingly, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
BRYANT, J., concurs.
KENNEDY, J., concurs in judgment only.