DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant James Cain has appealed from a decision of the Lorain County Common Pleas Court, Juvenile Division, that adjudicated him a delinquent child and permanently committed him to the Department of Youth Services. This Court affirms.
 I.
Appellant was charged with one count of prohibitions, one count of ungovernable, and one count of trafficking in drugs. He pleaded to the counts of prohibitions and ungovernable, but requested a hearing on the charge of trafficking. A hearing was conducted and Appellant was adjudicated delinquent. On June 21, 2000, Appellant was committed to the Ohio Department of Youth Services. He timely appealed, asserting three assignments of error.
 II. A. Assignment of Error Number One The trial court erred to the prejudice of [Appellant] in that the trier of fact could not have found [Appellant] engaged in the felony offense of trafficking in the fifth degree beyond a reasonable doubt.
In his first assignment of error, Appellant has argued that the State failed to prove beyond a reasonable doubt that he committed the offense of trafficking and that his adjudication is against the manifest weight of the evidence. This Court disagrees.
In order to adjudicate a juvenile a delinquent child, the trial court must find that the juvenile committed an act, which would have constituted a crime if committed by an adult. In re Burgess (1984),13 Ohio App.3d 374, 375; see, also, R.C. 2151.02(A). Moreover, Crim.R. 29(A) provides that a trial court must grant an acquittal if the evidence is insufficient to sustain a conviction of such offense. In other words, if the evidence, viewed in the light most favorable to the State, is such that a reasonable mind might fairly find guilt beyond a reasonable doubt, the trial court shall not grant an acquittal and the issue will be presented to the jury. See State v. Thompkins (1997), 78 Ohio St.3d 380,386.
At this point, this Court notes that evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. Statev. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Thompkins,78 Ohio St.3d at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily against the conviction. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasissic) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4.
R.C. 2925.03(A) states that "[n]o person shall knowingly sell or offer to sell a controlled substance." A person acts knowingly if "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). A controlled substance "means a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C). Cocaine is a substance included in schedule II. R.C. 3719.41.
At trial, Mr. Joseph Tenoschok testified that he was a confidential informant for the Oberlin police. On May 14, 1999, Tenoschok met with Detective David Jasinski and Patrolman Victor Ortiz to set up a wire for his undercover drug buys. Tenoschok testified that the officers searched his car and then put a wire on him. He stated that the officers gave him one hundred dollars in cash.
Tenoschok identified his target area as a house on Groveland. When the particular dealer was not available, Tenoschok drove around Groveland to make a drug buy. He signaled to Appellant, who indicated that he would sell Tenoschok cocaine. Tenoschok then proceeded to pick up Appellant at the corner. He quickly purchased cocaine for thirty dollars. Tenoschok described Appellant as "a young kid with blue pants, blue and white jacket, and a stocking cap on[.]" Tenoschok described the color of the stocking cap as dark blue. He testified that he was able to see his face and noticed braids hanging down the back of Appellant's head because it wasn't completely dark outside.
Craig Jacobsen from the Lorain County Crime Laboratory identified the substance that Appellant sold to Tenoschok as cocaine. Next, Detective Jasinski testified that he photocopied the one hundred dollars before handing it to Tenoschok. Tenoschock described Appellant as Detective Jasinski and Officer Ortiz drove down the street. Detective Jasinski testified that he was able to locate Appellant based on Tenoschock's description. He stated that it was dusk outside, but not completely dark. Detective Jasinski also verified that Appellant was wearing a dark stocking cap.
Officer Ortiz testified that he saw Appellant next to Tenoschok's car. According to Ortiz, it appeared as if Appellant had just shut the door and was walking away from the car. Officer Ortiz stated that later that evening, he stopped Appellant. While searching Appellant, Officer Ortiz discovered some of the money that Detective Jasinski had photocopied. Officer Ortiz also identified a photograph that he took of Appellant in the police holding cell on the day in question. In the photograph, Appellant was wearing a white shirt and a blue stocking cap. Officer Ortiz stated that Appellant's braids were not shown in the picture because he did not take a picture of the back of Appellant's head.
Appellant's mother, Donna, was the sole witness to testify on behalf of Appellant. She stated that Appellant's hair was braided short in corn-rows at the time of his arrest. Donna testified that, at the time of his arrest, her son's braids were not visible under a stocking cap. Lastly, she stated that her son does not own a blue stocking cap.
After reviewing the record, this Court concludes that there was sufficient evidence to find Appellant delinquent of trafficking cocaine. Tenoschok testified that he bought the cocaine from Appellant. Tenoschok was able to accurately describe Appellant to the officers who were listening to his wire. Both Detective Jasinski and Officer Ortiz saw Appellant walking away from Tenoschok's car after the drug buy occurred. Lastly, Appellant matched the description that Tenoschok gave to the officers. Based on the foregoing, Appellant's adjudication as a delinquent child was not against the manifest weight of the evidence. Therefore, his adjudication was also supported by sufficient evidence. See Roberts, supra, at 4. Appellant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court erred in failing to conform to the requirements of [Juv.R. 34].
In his second assignment of error, Appellant has asserted that the trial court failed to advise him of his right to appeal his dispositional hearing. Because the record indicates that Appellant was able to file a timely appeal and was appointed an attorney, this Court can find no indication that Appellant was prejudiced by the court's failure to advise him of his right to appeal. See In re Haas (1975), 45 Ohio App.2d 187,190. Accordingly, Appellant's second assignment of error is without merit.
 C. Assignment of Error Number Three The permanent commitment of [Appellant] to the Department of Youth Services does not meet the goals and mandates of [R.C. 2151.01].
In his third assignment of error, Appellant has argued that his disposition was more punitive than rehabilitative. Essentially, Appellant has asserted that the trial court abused its discretion when committing him to the Department of Youth Services. This Court disagrees.
The juvenile court has broad discretion in making its disposition when a child has been adjudicated delinquent. In re Haas,45 Ohio App.2d at 188. Absent an abuse of discretion, this Court will not overturn such a disposition. See In re Samkas (1992), 80 Ohio App.3d 240, 245. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Statev. Bresson (1990), 51 Ohio St.3d 123, 129.
While the objective of the juvenile system is rehabilitation rather than punishment, "[t]he juvenile justice system, together with its rehabilitative objective, is purely a statutory creation * * * and it may contain punitive elements." (Citation omitted.) In re Woodson (1994),98 Ohio App.3d 678, 682.
R.C. 2151.01 is intended to:
 (A) [P]rovide for the care, protection, and mental and physical development of children subject to Chapter 2151 * * *;
 (B) [P]rotect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and to substitute therefor a program of supervision, care and rehabilitation;
 (C) [A]chieve the foregoing purposes, whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety;
Further, R.C. 2151.355 provides:
 (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
* * *
 (4) If the child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for violating division (A) of section 2923.211 of the Revised Code, commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age[.]
The record reveals that Appellant has been on house arrest since 1996. He has undergone drug and alcohol counseling and has failed to follow through with the recommendations of the Lorain County Alcohol Drug Association. Appellant has been admitted to Saint Anthony's Villa inpatient treatment program, but failed to complete the aftercare program. He has violated his probation and failed to complete his community service. Based on the foregoing, this Court concludes that it was not an abuse of discretion for the juvenile court to permanently commit Appellant to the Department of Youth Services. Therefore, Appellant's third assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The adjudication of the juvenile court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J. SLABY, J. CONCUR