OPINION
Defendant-appellant, Chad Richard Johnson, appeals the judgment of the Clermont County Common Pleas Court sentencing him to prison for robbery. We affirm the decision of the trial court.
On July 27, 1996, appellant and another man robbed two different individuals. The two robberies were unrelated to each other. A firearm was used in the commission of the crimes. Appellant was indicted on two counts of aggravated robbery with a firearm specification and two counts of abduction. Appellant entered a plea of guilty to two counts of robbery. In return, the state dismissed the remaining charges, including the firearm specifications.
The trial court sentenced appellant to serve two consecutive terms of four years in prison. Appellant appeals his sentence and raises four assignments of error for review. For clarity, we will address appellant's assignments of error out of order.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPEALLANT [SIC] BY IMPOSING UPON THE APPELLANT A SENTENCE THAT IS CONTRARY TO LAW.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT PLACED OF RECORD IT'S [SIC] FINDINGS OF FACT AND REASONS FOR IMPOSING THE SENTENCE IT DID UPON THE DEFENDANT BUT FAILED TO VERBALLY INFORM THE DEFENDANT OF ITS REASONING FOR THE CONSEQUTIVE [SIC] SENTENCE, FAILED TO VERBALLY MAKE FINDINGS PURSUANT TO 2929.14(E)(4) NOR INFORM THE DEFENDANT OF POST CONVICTION CONTROLS THAT WOULD BE IMPOSED.
 In his first and third assignments of error, appellant contests three aspects of the sentence imposed upon him by the trial court: (1) the decision to impose more than the minimum prison term for each count, (2) the decision to impose the maximum prison term for each count, and (3) the decision to impose the prison terms consecutively. In each instance, appellant maintains that the trial court's decision is not supported by the record or is contrary to law.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C.2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
A trial court must impose the minimum term for an offender, like appellant, who has not previously served a prison term unless it finds on the record that a minimum sentence either would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
The trial court convicted appellant of robbery in violation of R.C.2911.02(A)(3). A violation of R.C. 2911.02(A)(3) is classified as a felony of the third degree. The possible prison term for each count of a felony of the third degree is one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the [d]efendant's conduct." Therefore, the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.
A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Boshko
(2000), 139 Ohio App.3d 827, 836.
The maximum possible prison term for robbery in violation of R.C.2911.02(A)(3) is five years. The trial court sentenced appellant to four years in prison for each count of robbery. Since the four-year sentence is less than the maximum possible term, the trial court was not required to make the requisite findings for a maximum prison term.
A trial court may impose consecutive terms of imprisonment if it makes three findings. R.C. 2929.14(E)(4). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. Boshko, 139 Ohio App.3d at 838; State v. Finch (1998), 131 Ohio App.3d 571, 574. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see State v. Edmonson, 86 Ohio St.3d 324, 326; State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported.
In its sentencing entry, the trial court specifically stated "that consecutive sentences are necessary to protect the public from future crime or punish the defendant and [that consecutive sentences are] not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public." In addition, a review of the entire sentencing hearing demonstrates that the trial court carefully considered appellant's conduct and made findings to support the imposition of consecutive sentences. Reflecting upon appellant's presentence investigative report, the trial court noted that appellant has "had a number of contacts with law enforcement as a juvenile." Although appellant was only eighteen years old at the time of the sentencing hearing, he already had two "contacts with law enforcement" as an adult. In addition, the trial court noted that the two robberies committed by appellant involved the use of a weapon, which created "a substantial risk of injury for the victims." Thus, the trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. Accordingly, appellant's first and third assignments of error are overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPEALLANT [SIC] WHEN IT ENTERED A JUDGMENT OF CONVICTION AND SENTENCED THE DEFENDANT TO TWO CONSEQUTIVE [SIC] 4 YEAR PRISON TERMS AND FAILED TO FOLLOW THE PROVISIONS OR [SIC] RC 2929.19 IN CONDUCTING THE SENTENCING HEARING.
 In his second assignment of error, appellant claims that the trial court failed to inform him at the sentencing hearing of "bad time" and post-release control pursuant to former R.C. 2929.19(B)-(3)(b) and (d).
The Ohio Supreme Court has declared that bad time added to a prison term for violations occurring during the course of a prisoner's stated term is unconstitutional. State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136. Therefore, whether the trial court informed appellant of bad time under former R.C. 2929.19(B)(3)(b) is moot.
Post-release control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment that includes one or more post-release control sanctions" imposed in accordance with R.C.2967.28. R.C. 2967.01(N). "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence."Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus.
The trial court sentenced appellant to prison for committing two robberies, each classified as a third-degree felony. Pursuant to R.C.2967.28(B), each sentence for a first, second or third-degree felony that is not a sex offense, but an offense where the offender caused or threatened to cause physical harm to a person, must include a requirement of post-release control after release from imprisonment. For a felony of the third degree, the period of post-release control is three years. R.C. 2967.28(B)(3).
At the plea hearing, the trial court indicated to appellant that he would be subject to a period of post-release control. The trial court's sentencing entry plainly indicated that appellant would be subject to a mandatory period of post-release control "to a maximum of three years." Therefore, the trial court complied with its duty to inform appellant that post release control was part of his sentence. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO NOTIFY THE DEFENDANT PURSUANT TO CRIMINAL RULE 32 OF HIS RIGHT TO APPEAL.
 In his fourth assignment of error, appellant claims that the trial court erred by failing to notify him during sentencing of his right to appeal pursuant to Crim.R. 32.
When the trial court sentenced appellant, Crim.R. 32(A)(2) provided:
 Notification of right to appeal. After imposing sentence in a serious offense that has gone to trial
on a plea of not guilty, the court shall advise the defendant of all of the following:
(a) That the defendant has a right to appeal;
 (b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 (c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 (d) That if the defendant is unable to pay costs of documents necessary to an appeal, the documents will be provided without cost;
 (e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.
(Emphasis added.)
Since appellant pled guilty to the charges and did not go to trial on a plea of not guilty, the trial court was not required under former Crim.R. 32 to inform appellant of his right to appeal. Crim.R. 32 was amended on July 1, 1998 to require trial courts to inform defendants sentenced for all "serious" offenses of their right to appeal or seek leave to appeal. However, appellant was sentenced on May 12, 1997, over one year before
the amendment. Thus, the trial court was not required to comply with a version of the rule not yet in existence. Moreover, appellant's appeal is currently before this Court. Thus, even if the trial court had erred by failing to inform appellant of his right to appeal, such error would be harmless. See In re Haas (1975), 45 Ohio App.2d 187, 190; State v.McCabe (Apr. 19, 1993), Clermont App. Nos. CA92-09-090, CA92-09-091, unreported. Appellant's fourth assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.