DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes on appeal from the Huron County Court of Common Pleas, which adjudicated appellant, Carrie O., a delinquent child and upon disposition committed her to the Ohio Department of Youth Services. Appellate counsel for appellant has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, and has requested leave to withdraw. For the following reasons, the motion is granted, and the disposition is affirmed.
 {¶ 2} The instant complaint, filed November 1, 2004, alleged that appellant, without a license, operated a motor vehicle at speeds in excess of 100 miles per hour and drove off the roadway. Six juvenile passengers were in the automobile; one juvenile died and three others were seriously injured. Appellant was charged with one count of aggravated vehicular homicide,[1] three counts of vehicular assault,[2] and one count of operating a motor vehicle without a valid permit. The first four counts also alleged delinquency.
 {¶ 3} At a pre-trial hearing on January 21, 2005, the prosecutor moved to dismiss one count of vehicular assault and the charge of operating without a valid permit, on the condition that "restitution will be ordered regarding all passengers." Appellant then waived her rights pursuant to Juv.R. 29(D) and admitted the allegations in the complaint as to aggravated vehicular homicide and two counts of vehicular assault. The court then adjudicated appellant delinquent, and set the date for disposition.
 {¶ 4} On February 14, 2005, at the dispositional hearing, after hearing from appellant and friends and family of the victims, the juvenile court ordered appellant into the custody of the Ohio Department of Youth Services. On February 17, 2005, the court journalized a judgment entry placing appellant in the legal custody of the Ohio Department of Youth Services for a minimum of six months or until appellant attains her 21st birthday. Appellant was also ordered to pay court costs and fines for each count, totaling $1,550, with $1,520 suspended. From that judgment of disposition, appellant filed this timely appeal.
 {¶ 5} In compliance with Anders, appellant's counsel has filed a brief indicating potential assignments of error. She states that she has reviewed the record in this matter, has failed to ascertain any arguable issues for appeal, and has filed a motion to withdraw as appellate counsel. She also averred that she has delivered a copy of her brief to appellant and advised her that she has a right to file a brief on her own behalf. Appellant has not filed a brief.
 {¶ 6} Appellant's counsel has presented two possible assignments of errors for review:
 {¶ 7} "I. The trial court erred when it failed to inform the child of her right to appeal and her right to record expungement.
 {¶ 8} "II. The trial court abused its discretion when it committed the child to the Department of Youth Services."
 {¶ 9} The first proposed assignment of error states that the court failed to observe Juv.R. 34(J) when it failed to advise appellant of her right to an expungement and advise her of her right to appeal. Juv.R. 34(J) states:
 {¶ 10} "(J) Advisement of rights after hearing: At the conclusion of the hearing, the court shall advise the child of the child's right to record expungement and, where any part of the proceeding was contested, advise the parties of their right to appeal."
 {¶ 11} Appellant's counsel acknowledges, however, that at least one court has held that the failure to advise of appellate rights is harmless when an appeal was filed despite the failure.In re Haas (1975), 45 Ohio App.2d 187. In Haas, the appellant was not advised of his right to an expungement. The court again held that the failure to advise worked no prejudice; because the expungement statute, R.C. 2151.358, permits applications to be made only two years after release, the appellant's right to request an expungement had not ripened. Id. at 190. The Haas
decision explicitly applies only where "no part of a proceeding" is contested — that is, where the juvenile's counsel does not object to the failure to advise. Id. and syllabus. See, also, Inre Brown (May 10, 1999), 4th Dist. Nos. 98CA2598, 98CA2599 (since juvenile filed pro se appeal, failure to advise of right to appeal not prejudicial); In re Malone, 10th Dist. No. 03-AP489, 2003-Ohio-7156, ¶ 42 ("even if the trial court did not comply with Juv.R. 29(B) and 34(J), because appellant contested the matter, was represented by counsel at trial, a full hearing was held on the merits, and appellant, in fact, appealed the trial court's judgment, we can find no prejudice under an ineffective assistance of counsel analysis."); In re Johnson
(Dec. 12, 2000), 10th Dist. No. 00AP-390 (failure to advise appellant of her right to seal her records harmless error, citingIn re Haas); In re Kopnitsky (Sept. 30, 1999), 7th Dist. No. 96-CA-215 (juvenile court "not obligated" to advise of right to appeal where juvenile did not contest disposition and entered plea, citing In re Haas). But, see, In re Montgomery (Oct. 28, 1999), 10th Dist. No. 99-749 (granting leave to file delayed appeal where juvenile not advised of right to appeal); In reHairston (Aug. 15, 1996), 10th Dist. No. 96APF02-123 (failure to advise of right to appeal moot where appeal filed, but failure to advise of right to expungement warranted remand to juvenile court "to bring appellant before it and properly explain to him his rights to have his record expunged at a later date as is required by Juv.R. 34(J).")
 {¶ 12} Here, appellant pled to the charges of which she was ultimately convicted. As in Haas, appellant's counsel did not object to the failure to advise appellant of her rights under Juv.R. 34(J). However, since appellant filed an appeal the failure to advise is moot. Also, a remand to specifically advise appellant of her right to apply for an expungement in the future would be an empty exercise in this instance since she now knows of that right; the error is harmless. The first proposed assignment of error has no merit.
 {¶ 13} The second proposed assignment of error concerns appellant's disposition. Juvenile courts have considerable discretion in imposing dispositions on juvenile offenders. In reBracewell (1998), 126 Ohio App.3d 133, 136. Its decision will not be overturned on appeal absent an abuse of discretion. An abuse of discretion is more than a mistake of law or an error of judgment; the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. In re Brown (2001),142 Ohio App.3d 193, 198.
 {¶ 14} A child may be committed to the Department of Youth Services ("DYS") if the child was adjudicated delinquent by committing an act that would be a felony of the third degree if committed by an adult. R.C. 2151.355 states in relevant part:
 {¶ 15} "(A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 {¶ 16} "* * *
 {¶ 17} "(4) If the child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult * * * commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 18} Courts are not required to attempt other types of rehabilitation before committing a child to DYS, In the Matterof Copeland (July 14, 1995), 11th Dist. No. 94-A-0072; appellant's counsel did argue that appellant's remorse and lack of prior offenses deserved a lesser sanction, including community service. The court clearly and carefully considered appellant's record and the circumstances surrounding these sad events. The transcript reflects the court's awareness with the rehabilitative philosophy behind juvenile sanctions, and the judge explicitly stated that the court was not giving up on the appellant. The court acted within its discretion when imposing a sanction within the statutory guidelines. The second proposed assignment of error is therefore meritless.
 {¶ 19} Upon our review of the entire record, including the transcript of adjudication, we find no procedural errors or violations of appellant's rights. Appellant made a voluntary and knowing admission to the facts as stated in the complaint. She was fully informed of her rights upon her admission, including the rights enumerated in Juv.R. 29(D). Appellant had appointed counsel at all stages of the proceedings. The court fully and properly advised appellant of the consequences of her admission, including the possibility of commission to DYS for a minimum of six months and at the maximum, until she turned 21 years of age.
 {¶ 20} After carefully reviewing the record and fully examining the proceedings below, we find no violations of appellant's rights and no procedural errors. As no arguable issues exist for appeal, we find the appeal frivolous. Appellate counsel's motion to withdraw is therefore found well-taken and is hereby granted. The decision of the trial court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.
[1] Aggravated vehicular homicide is a felony of the third degree if committed by an adult.
[2] Vehicular assault is a felony of the fourth degree if committed by an adult.