DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, P.F., appeals the decision of the Lorain County Court of Common Pleas, Juvenile Division, which imposed P.F.'s prior suspended commitment to the Department of Youth Services ("DYS") for a minimum period of one year and a maximum period not to exceed P.F.'s attainment of the age of twenty-one (21) years. This Court affirms in part, and reverses in part.
 I. {¶ 2} In January, 2006, a complaint was filed against P.F. in the Lorain County Court of Common Pleas, Juvenile Division that alleged P.F. was delinquent by reason of five counts of gross sexual imposition, in violation of R.C. *Page 2 2907.05, third degree felonies; three counts of rape, in violation of R.C. 2907.02, first degree felonies; and one count of probation violation, in violation of R.C. 2152.02(F).
 {¶ 3} In March 2006, P.F. admitted to the charges set forth in the complaint. The trial court adjudicated him a delinquent child. In May 2006, the trial court issued dispositional orders. P.F. received a suspended commitment to DYS. The trial court placed P.F. on community control and ordered him to continue his sex offender treatment while he lived at a residential treatment facility. The trial court also classified P.F. as a juvenile sex offender.
 {¶ 4} P.F.'s behavior at the treatment facility resulted in a probation revocation hearing in November 2006. Following a continuance to explore other treatment options, the hearing resumed in January 2007. After the hearing, the trial court imposed P.F.'s previously suspended commitment to DYS.
 {¶ 5} P.F. timely appealed, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY FAILING TO CREDIT THE MINOR CHILD FOR TIME SERVED WHILE INSTITUTIONALIZED."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred by failing to credit him for time served for the period of time he *Page 3 
awaited the first disposition of this matter and the period of time he was detained awaiting the hearing on the motion for further dispositional orders. This Court agrees.
 {¶ 7} R.C. 2152.18 provides, in relevant part:
 "When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been held in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department." R.C. 2152.18(B).
 {¶ 8} Appellant argues and the State concedes that the trial court failed to comply with R.C. 2152.18 because it did not state in the order of commitment the total number of days that he had been held in detention. As the trial court failed to comply with R.C. 2152.18, appellant's first assignment of error is sustained. The matter is remanded to the trial court for a calculation of the total number of days to credit appellant for the period of time he was held in detention. *Page 4 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING THE SUSPENDED COMMITMENT AND COMMITTED THE MINOR CHILD TO THE DEPARTMENT OF YOUTH SERVICES."
 {¶ 9} In his second assignment of error, appellant argues that the trial court abused its discretion when it imposed appellant's previously suspended commitment to DYS. This Court disagrees.
 {¶ 10} When a child has been adjudicated delinquent, juvenile courts have broad discretion in imposing disposition. In re Carrie A. O., 6th Dist. No. H-05-007, 2006-Ohio-858, at ¶ 13, citing In re Bracewell
(1998), 126 Ohio App.3d 133, 136. Absent an abuse of discretion, the court's disposition will not be disturbed on appeal. Id. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 11} Mr. Keiper, appellant's probation officer, testified at appellant's probation revocation hearing on November 15, 2006. Mr. Keiper stated that, since appellant's placement at Village Network in May 2006, he had gone AWOL from his cottage, threw a metal object at a staff member, been verbally aggressive towards the staff, and poured a cleaning substance on a staff member. In *Page 5 
conclusion, Mr. Keiper stated that his recommendation to the court would be to impose the previously suspended sentence committing appellant to DYS. Mr. Keiper also recommended that appellant be required to write a letter of apology to the Village Network and pay court costs.
 {¶ 12} Mr. Gary Byron, a clinical coordinator at Village Network also testified. Mr. Byron stated that appellant had been very abusive to his staff and had put other children at risk.
 {¶ 13} On December 6, 2006, the trial court contacted the probation department, seeking a specific recommendation in this matter. On January 3, 2007, appellant's probation revocation hearing resumed. At the January 3, 2007 hearing, Mr. Keiper testified that the probation department checked with the Northern Ohio Juvenile Correctional Facility and they responded that they did not have any openings.
 {¶ 14} In addition to the above testimony, the court stated on the record that it had sought a recommendation from Integrated Services Partnership, a collective unit of psychologists, psychiatrists, and mental health officials, and that the report she received recommended that appellant be placed in a more secure treatment facility than Village Network.
 {¶ 15} After reviewing the record, this Court cannot say that the trial court abused its discretion in imposing the previously suspended sentence to DYS. Appellant's second assignment of error is overruled. *Page 6 
 III. {¶ 16} Appellant's first assignment of error is sustained. His second assignment of error is overruled. The matter is remanded to the trial court for the sole purpose of calculating the correct number of days that should be credited for time served.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to both parties equally.
DICKINSON, J. REECE, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1